**GULF RESEARCH & DEVELOPMENT CO. et al. v. SCHLUMBERGER WELL SURVEYING CORPORATION.**

No. 11264.

United States District Court
S. D. California,
Central Division.

Aug. 2, 1950.

Lyon & Lyon, Leonard S. Lyon, Leonard S. Lyon, Jr., and Richard E. Lyon, all of Los Angeles, Cal., for plaintiffs.

Hill, Morgan & Farrer, and William M. Farrer, all of Los Angeles, Cal., Campbell, Brumbaugh, Free & Graves, Worthington Campbell, and Mark N. Donohue, all of New York City, for defendant.

HARRISON, District Judge.

In the above entitled patent infringement action the defendant corporation has moved for an order dismissing the complaint because of improper venue, on the ground that the complaint fails to allege acts of infringement in this district as provided under Section 1400(b), Title 28 U.S.C.A., as revised, which reads as follows: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

It is the contention of the plaintiffs that Section 1391(c) of Title 28 U.S.C.A. as revised, changes the rule set forth in Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026, and that Section 1400(b) is no longer the exclusive provision controlling venue in patent infringement proceedings. Plaintiffs contend that the general provisions of Section 1391 (c) reading as follows: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." are in effect a definition of "residence" for venue purposes, and the use of the word "resides" in Section 1400(b) is controlled by such definition.

The new Federal Judicial Code is nothing more or less than a revision and restatement of existing law. Where any change is made it appears in the Reviser's Notes, 8 F.R.D. 442: "As the title of the bill indicates, the object of the Committee was to revise and codify existing law. * * *" 8 F.R.D. 201.

The Reviser's Notes indicate no change in existing law relative to venue in patent infringement actions. Section 1391 is a consolidation of Section 111 of Title 28 U.S.C.A. with part of Section 112 of the same title and no change in meaning is noted. In fact Section 1391(c) stems directly from the old Section 112 and states nothing more than the prior existing procedure to obtain venue over a foreign corporation. See ci-

tations under Notes 66–68, Section 1391, 28 U.S.C.A.

In an article written by Wm. W. Barron, Chief Reviser of Title 28 U.S.C.A. reported in 8 F.R.D. 445, it stated:

"The usual rules of statutory construction, with one exception, apply to a statutory revision. That exception is important and its reasons should be readily recognized.

"Because of the necessity of consolidating, simplifying and clarifying numerous component statutory enactments no changes of law or policy will be presumed from changes of language in revision unless an intent to make such changes is clearly expressed.

"Mere changes of phraseology indicate no intent to work a change of meaning but merely an effort to state in clear and simpler terms the original meaning of the statute revised.

"Congress recognized this rule by including in its reports the complete Reviser's Notes to each section in which are noted all instances where change is intended and the reasons therefor.

"The rule is well settled. Leading cases supporting it are collected in the appendix."

■ The leading case cited is U. S. v. Ryder, 110 U. S. 729, 740, 4 S.Ct. 196, 201, 28 L.Ed. 308, wherein the rule was stated as follows: "It will not be inferred that the legislature in revising and consolidating the laws, intended to change their policy, unless such intention be clearly expressed." See also 59 C.J. 897.

■ In the new work on Federal Practice by Barron and Holtzoff at page 135, Volume 1, appears the following language: "* * * A special venue statute, i.e., one expressly covering venue of a particular kind of action, will control over a general venue statute, but the general statute will govern if a cause of action is created by a special statute without any special venue provision."

In 25 R. C. L. page 1010 appears the following: "It is an old and familiar rule, which is closely related to the doctrine of ejusdem generis and to the rule that where an act contains special provisions they must be read as exceptions to a general provision in a separate earlier or subsequent act, that where there is in the same statute a particular enactment, and also a general one which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment." See also 59 C. J. 1056; Atkins v. Fiber Disintegrating Co., 18 Wall. 272, 85 U.S. 272, 21 L.Ed. 841, 844; Ginsberg & Sons v. Popkin, 285 U.S. 204, 208, 52 S.Ct. 322, 76 L.Ed. 704; 50 Am.Jur. 370.

To follow the plaintiffs' argument the court would have to violate the above principles of statutory construction.

Plaintiffs rely heavily upon Moore's Commentary on U. S. Judicial Code, particularly pages 184 and 185, and Moore's Federal Practice, Vol. III, pp. 2139, 2140, wherein the author considers the case of Stonite Products v. Lloyd, supra, overruled by the gearing of residence under Section 1391(c) to Section 1400(b).

Yet the author as a paid consultant in testifying before Subcommittee No. 1 stated that: "Venue provisions have not been altered by the revision." He then proceeds to point out certain changes applying to patent infringement cases. U. S. Code Congressional Service (1948) p. 1969, Title 28 Pamphlet.

To say the least the two statements are inconsistent. Prof. Moore in a letter explaining the inconsistencies states in part, "In brief, my House statement was prepared on short notice and under pressure; my published writings are prepared after careful and extensive deliberation."

But the real question is: Did Congress intend to change the venue provisions in patent infringement cases where the defendant is a corporation? Professor Moore's statement before the Committee tended to establish that the revised section caused no change in existing law. The Committee relied and acted upon his testimony along with the testimony given by

others. The hearings before the Committee clearly indicate that no change in venue statutes was contemplated by Congress except such changes as were expressly set forth in the Reviser's Notes.

Plaintiffs' contention would make said Section 1400(b) ineffective in so far as a corporation is concerned, when its very wording indicates that a corporation is included. This conclusion is supported by that portion of the Reviser's Notes which reads as follows: "Words 'whether a person, partnership, or corporation' before 'has committed' were omitted as surplusage." If the portion of the former Section 109 "Whether a person, partnership, or corporation" were omitted as surplusage, then the word "defendant" as set forth in Section 1400(b) is all inclusive and includes corporations. It logically follows if plaintiffs' contention is to be accepted, the benefits granted by Section 1400(b) would be denied to corporate defendants.

In the recent case of Ackerman v. Hook, by the Third Circuit and reported in 183 F. 2d 11, 14, involving the relationship of Section 1392 to Section 1400(b), the court stated: "Beyond all doubt, until the adoption of the new Title 28 in 1948, Section 109 was 'the exclusive provision controlling venue in patent infringement proceedings.' Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 781, 86 L.Ed. 1026. In that decision the Supreme Court expressly rejected the argument that Section 113 supplemented Section 109 because of its prior enactment and that the sections were complementary. Stonite Co. v. Melvin Lloyd Co., supra, 315 U.S., at pages 566, 567, 62 S.Ct. 780, at pages 782, 783. *The Reviser's Notes make it evident that today, 1400(b) stands in the same situation as did Section 109 at the time of the Stonite opinion in 1942 and that the Stonite case is just as much in point now as then.* Therefore, since it did not appear on the motion to dismiss that any of the appellees have 'a regular and established place of business' in the Eastern District of Pennsylvania, the Court of that District had no jurisdiction over them under the controlling Section 1400(b)." (Italics supplied.)

The defendant's position is further supported by the cases of Arkay Infants Wear, Inc., v. Kline's, Inc., D.C., 85 F.Supp. 98, Fischer v. Karl, D.C., 84 F.Supp. 53, and Rava v. Westinghouse Electric Corporation, D.C., 90 F.Supp. 707.

The contentions of the plaintiffs present problems that are broader than the sections herein involved. Are the courts going to take the revised Title 28 and treat it as a fresh piece of clay to model to their own liking, or are they going to accept the revised codes as a true revision of existing law that through prior decisions has blazed a trail for them to follow? The increased number of reported cases involving the revised Title 28 indicates the invitation extended to the courts to do their own modeling is at hand, thus opening the flood gates of litigation, thereby destroying the advantages sought by the revision and discouraging like revisions of the other codes.

■ I believe the Reviser's Notes together with the evidence presented to the Congressional Committee should be the exclusive guide to a proper interpretation and construction of the revised sections. I believe that Congress so intended.

■ In conformity with my conclusions I hold that Section 1391(c) is not complementary to Section 1400(b); that the word "resides" in Section 1400(b) means the same as the word "inhabitant" in the former Section 109, and that the interpretation placed upon said former Section 109 applies to its revision as set forth in the revised Section 1400(b). I believe the Stonite case is still the law and the fact that the defendant committed no acts of infringement in this district indicates to me that the venue is improper.

I am fully aware that two of my able brethren of this district have arrived at a different conclusion than I have here expressed. I respect their views but cannot follow them.

In accordance with the provision of Section 1406(a), Title 28, the above-entitled action is hereby ordered transferred to the

20

District of Delaware. Schiller v. Mit-Clip Co., Inc., 2 Cir., 180 F.2d 654.

Counsel for defendant is directed to submit to me promptly an order of transfer in accordance with the view herein expressed.