## GULF RESEARCH & DEVELOPMENT CO. et al. v. SCHLUMBERGER WELL SURVEYING CORP.

### Civ. A. No. 1342.

United States District Court
D. Delaware.

May 18, 1951.

Thomas Cooch (of Morford, Bennethum, Marvel & Cooch), of Wilmington, Del., Leonard S. Lyon, Leonard S. Lyon, Jr., and Richard E. Lyon (of Lyon & Lyon), all of Los Angeles, Cal., for plaintiffs.

E. Ennalls Berl (of Southerland, Berl & Potter), of Wilmington, Del., Worthington Campbell and Mark N. Donohue (of Campbell, Brumbaugh, Free & Graves), of New York City, for defendant.

LEAHY, Chief Judge.

On March 20, 1950, plaintiffs brought suit against defendant for patent infringement in the United States District Court for the Southern District of California, Central Division. Service was made on defendant in Los Angeles on March 22, 1950.

The complaint alleged plaintiffs' ownership of and right to sue under its patents, alleged defendant Schlumberger to be a Delaware corporation doing business in the Southern District of California, Central Division, alleged that for the purpose of the case, Schlumberger was a resident of said District, and alleged infringement generally by Schlumberger. On April 10, 1950, Schlumberger filed a motion under § 1406(a) of Title 28 U.S.C., to dismiss the complaint for want of proper venue on the ground the complaint failed to allege acts of infringement in the California District as provided under § 1400(b). Judge Harrison, after hearing and argument, denied the motion to dismiss but ordered the case transferred here to the Delaware court.[1] Plaintiffs' argument before Judge Harrison was that § 1400(b) [2] must be read in the light of § 1391(c) of title 28 U.S.C. [3] and that § 1391(c) broadens the meaning of § 1400(b) in that the definition of residence of the former section applies to the latter. Judge Harrison held that § 1391(c) is not complementary to § 1400(b); that the word "resides" in § 1400(b) means the same as the word "inhabitant" in the former § 109, and that the interpretation placed upon the former § 109 applies to its revision as set forth in the revised § 1400 (b). He considered the case of Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026,[4] as still the law and concluded "the fact that the defendant committed no acts of infringement in this district indicates to me that the venue is improper." [5]

After Judge Harrison's order transferring the litigation to this court, plaintiffs applied to the Court of Appeals for the Ninth Circuit for leave to file a Petition for Writ of Mandamus or Prohibition. That Court granted leave to file the petition and issued its order directed to Judge Harrison to show cause why the requested writ should not issue. After oral argument in the matter, the Court of Appeals filed its opinion denying plaintiffs' petition.[6] The grounds of denial were simply that the case was not such a critical one as to justify issuance of the extraordinary writ sought. No consideration was given to the merits of the venue question inherent in the case.

Immediately after the papers in this action were sent to and received in this court, plaintiffs moved to retransfer the case back to the California District Court on the

1. Gulf Research & Development Company v. Schlumberger Well Surveying Corporation, D.C.S.D.Cal., 92 F.Supp. 16, Id., 10 F.R.D. 353.

2. "§ 1400 * * *
"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

3. "§ 1391 * * *
"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

4. Judge Harrison quoted from the recent case of Ackerman v. Hook, 3 Cir., 183 F.2d 11, 14, involving the relationship of § 1392 to § 1400(b), where Judge McLaughlin said: "Beyond all doubt, until the adoption of the new Title 28 in 1948, Section 109 was 'the exclusive provision controlling venue in patent infringement proceedings.' Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 563, 62 S.Ct. 780, 781, 86 L.Ed. 1026. In that decision, the Supreme Court expressly rejected the argument that Section 113 supplemented Section 109 because of its prior enactment and that the sections were complementary [citing the Stonite case]. The Reviser's Notes make it evident that today, 1400(b) stands in the same situation as did Section 109 at the time of the Stonite opinion in 1942 and that the Stonite case is just as much in point now as then."

5. Gulf Research & Development Co. v. Schlumberger Well Surveying Corporation, D.C., 92 F.Supp. 16, 19. The order to transfer was not based on any showing of *forum non conveniens*. It may be noted also that the present motion does not involve any consideration of the *forum non conveniens* doctrine. Cf. Aircraft Marine Products, Inc. v. Burndy Engineering Company, D.C.S.D.Cal., 96 F. Supp. 588.

6. Gulf Research & Development Co. v. Harrison, 9 Cir., 185 F.2d 457.

grounds the venue was properly laid where the action was originally brought and the case was transferred to this court improperly and contrary to law. This is the motion presently for disposition.

1. The initial question presented for decision by plaintiffs' motion is: Is this court empowered to retransfer this case to the Southern District of California? Defendant argues that to retransfer this case, I must first conclude Judge Harrision was in error in his disposition on the merits of the question of venue and that in the act of considering Judge Harrison's decision I would be performing the function of an appellate court, not of a nisi prius judge. Defendant further argues Judge Harrison's holding that venue was improperly laid in California was a clear adjudication of the merits and that his opinion is now the "law of this case", which may only be reviewed on the appellate level.

 The law of the case rule is not advanced by defendant as a rule of law limiting the power of this court, but rather as a rule of comity. The doctrine, as the Supreme Court has pointed out, "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152. It is a salutary doctrine "in the interest of economy of effort and of narrowing down the issues in successive

stages of litigation." White v. Higgins, 1 Cir., 116 F.2d 312, 317. Plaintiffs may be correct when they assert the doctrine usually only applies to effectuate consistent decisions "in the same court on the same point in the same case", Commercial Union of America, Inc. v. Anglo-South American Bank, Ltd., 2 Cir., 10 F.2d 937, 941. However, there is respectable authority which appears squarely in point and upholds the defendant's contention here that Judge Harrison's decision on venue should be regarded by me as conclusive. These are the cases of Haesen v. United States, D.C.E.D. N.Y., 66 F.Supp. 759, and Sbarbaro v. United States, D.C.E.D.Pa., 86 F.Supp. 477. Without deciding specifically the instant situation falls within the traditional scope of the doctrine of the law of the case,[7] I think that the same considerations which gave rise to that doctrine are applicable here. I conclude that though I may have the independent power to review Judge Harrison's determination in order to retransfer the case to California, I should not re-examine the question of venue which Judge Harrison decided under the particular circumstances of the case at bar.

Regardless of my own view as to whether the California Court was right in its interpretation of §§ 1391(c) and 1400(b), and, admittedly, there is serious conflict as to the proper interpretation of those sections,[8] I do not think it meet or proper

7. See, however, James Wm. Moore, Commentary on the United States Judicial Code (1949), pp. 210–211: "The denial of a motion to transfer constitutes the law of the case so that the matter should not be reopened except on a showing of subsequently developed facts or other circumstances warranting a departure from the settled ruling. Likewise if the motion to transfer is granted and the case is transferred to another district, this latter district should accept the ruling as the law of the case for it, and there should be no further transfer except under the most impelling and unusual circumstances."

8. The following cases and authorities cited by plaintiffs support their position that § 1400(b) has been enlarged by § 1391(c) in patent venue cases: Radio Corporation of America v. Paramount

Pictures, Inc.,* D.C.S.D.Cal., Civil Action No. 8070—1950; Farr Co. v. Gratiot, D. C.S.D.Cal., 92 F.Supp. 320; Dalton v. Shakespeare Co.,* D.C.S.D.Fla., No. 1884 —Civil Tampa; James Wm. Moore, Moore's Commentary on the U. S. Judicial Code (1949), 178, 192–194; Edward L. Barrett, Jr., "The Federal Judicial Code of 1948", XXIII Journal of the State Bar of California, p. 324; Barron and Holtzoff, I Federal Practice and Procedure (1950), § 80, pp. 153, 154; Schoen v. Mountain Producers Corporation, 3 Cir., 170 F.2d 707 at page 713, footnote 10; Lipp v. National Screen Service Corp., D.C.E.D.Pa., 95 F.Supp. 66.

The cases and authorities relied upon by the defendant in support of its counter-position are: Gulf Research & Development Co. v. Schlumberger Well Surveying Corporation, D.C.S.D.Cal., 92 F.Supp. 16; Nachtman v. Jones &

* No opinion for publication.

that I review Judge Harrison's decision on the merits.[9] To do so would be a usurpation of an appellate function; and on at least one other occasion I have refused to so act.[10] Though counsel for plaintiffs and defendant have addressed themselves both in their briefs and oral argument to the merits of Judge Harrison's holding on the venue question, all of the contentions on the merits were before Judge Harrison. It is now for an appellate court—not for me—to correct any error, if error there be, in his opinion. It is not only the principle of comity and the fact that Judge Harrison's opinion may be likened, at this stage, to the "law of this case" which compels me to this conclusion, but, what seems of most importance to me are considerations for the orderly functioning of the judicial process. If I should grant plaintiffs' motion and say, in effect, to Judge Harrison, "You were wrong in transferring this case to Delaware," I do not think he, in turn, would be any more bound to take and try the case on the merits, thereby respecting my views, than I had shown myself to be in ignoring his considered judgment. If both Judge Harrison and I were obdurate in our positions, this case could conceivably shuttle back and forth interminably between California and Delaware. Such an eventuality should be avoided.

An order may be submitted denying the present motion to retransfer the cause to California.

Laughlin Steel Corp., D.C.D.C., 90 F. Supp. 739; Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026; James Wm. Moore, Statement to House Judiciary Committee, Subcommittee No. 1, U. S. Code Congressional Service (1948), p. 1969, Title 28 Pamphlet; Ackerman v. Hook, 3 Cir., 183 F.2d 11.

9. I am cognizant of the argument made by plaintiffs' counsel that plaintiffs are not here "merely seeking a review" of Judge

Harrison's holding. Counsel argues that this case is not properly before this court because proper venue is in the Southern District of California and this case was transferred by Judge Harrison without statutory sanction and authority. But, in order to decide whether Judge Harrison exceeded his power, as plaintiffs argue, I would have to subject his action to my scrutiny which is, in essence, the same thing I would do if I were sitting as an appellate judge reviewing his decision.

10. In re Triton Chemical Corporation, D. C.Del., 46 F.Supp. 326, 328, note 3.