**GULF RESEARCH & DEVELOPMENT CO. et al. v. LEAHY et al.**

No. 10488.

United States Court of Appeals
Third Circuit.

Argued Nov. 13, 1951.

Decided Dec. 13, 1951.

Richard E. Lyon, Los Angeles, Cal. (Leonard S. Lyon, Leonard S. Lyon, Jr., and Lyon & Lyon, Los Angeles, Cal., of counsel; Thomas Cooch and Morford, Bennethum, Marvel & Cooch, Wilmington, Del., on the brief), for petitioners.

Worthington Campbell, New York City (E. Ennalls Berl, Wilmington, Del., Mark N. Donohue, New York City, on the brief), for respondent and intervenor.

Before MARIS, KALODNER and STALEY, Circuit Judges.

MARIS, Circuit Judge.

This is a petition for a writ of mandamus to the Chief Judge of the United States District Court for the District of Delaware as respondent directing him to vacate and set aside a certain order entered by him in an action entitled Gulf Research & Development Company, Welex Jet Services, Inc. and Byron Jackson Co. v. Schlumberger Well Surveying Corporation, 98 F.Supp. 198, in that court.

Gulf v. Schlumberger is an ordinary civil action for patent infringement in which the petitioners here are plaintiffs and Schlumberger Well Surveying Corporation, the intervenor here, is the defendant. The complaint was originally filed in the United States District Court for the Southern District of California. The action was transferred to the District of Delaware by order of the Southern California District Court. The transfer order was entered pursuant to Sec. 1406(a) of Title 28 U.S.C., on the motion of the defendant attacking venue in the Southern California District Court. Upon arrival of the files in the case in the Delaware District Court, plaintiffs moved to retransfer the case back to the Southern California District Court on the grounds that venue in the Southern District of California was proper and the transfer to the District of Delaware was improper and contrary to law. The present petition is directed to respondent's order denying this motion.

Venue is the only issue so far litigated in this action. It was first raised when defendant filed its motion, under the provisions of Sec. 1406(a), to dismiss the complaint on the ground that the venue as laid in the Southern District of California was improper. This motion was based on the contention that the venue in patent actions is controlled exclusively by Sec. 1400(b) of Title 28 U.S.C., which requires that a patent infringement case be brought either in the district of the residence of the defendant, or in the district where the defendant has committed acts of infringement and has a regular and established place of business. In support of the motion the defendant contended that as a corporation of the State of Delaware it is a resident only of the District of Delaware within the meaning of the venue statute, that while it was doing business in the Southern District of California it had not committed acts of infringement in that district, and that accordingly the Southern District of California satisfied neither of the alternative requirements for venue in patent infringement cases which are specified in Sec. 1400(b).

Plaintiffs contested the motion attacking venue in the Southern California District Court. They urged that Sec. 1400(b) must be construed in the light of the definition of corporate residence contained in Sec. 1391(c) of Title 28 U.S.C., to permit a patent infringement suit against a corporate defendant (as distinguished from an individual or partnership defendant) in any district in which such defendant is doing business even though it has not committed acts of infringement there.

The Southern California District Court held that defendant's position on the venue issue and on the interpretation to be accorded Sec. 1400(b) was correct. Instead of dismissing the complaint, however, it directed that, in the interests of justice and pursuant to Sec. 1406(a), the case be transferred to the District of Delaware, the district in which intervenor was incorporated. 92 F.Supp. 16, 10 F.R.D. 353. The decision, which was entered by District Judge Harrison, was in direct conflict with a decision of the same court entered a few days earlier by District Judge Hall in Farr Co. v. Gratiot, 1950, 92 F.Supp. 320.

Before the transfer order was executed, plaintiffs applied to and obtained leave of the Court of Appeals for the Ninth Circuit to file a petition for a writ of mandamus or prohibition directing Judge Harrison to vacate and set aside the transfer order on the ground that his ruling on venue was in error. This petition was denied, after argument, by the Court of Appeals for the Ninth Circuit. That Court pointed out that mandamus is an extraordinary remedy reserved for really extraordinary cases and that in the petition before it no extraordinary circumstances had been called to the Court's attention. It held that the petitioners alleged nothing more than an erroneous application of the law which would be re-

viewable on appeal to the Court of Appeals for the Third Circuit after final judgment, hence the case was not an appropriate one for the extraordinary remedy of mandamus. Gulf Research & Development Co. v. Harrison, 9 Cir., 1950, 185 F.2d 457.

In due course the action was transferred to the Delaware District Court and was docketed in that court. Thereupon the plaintiffs moved to retransfer the case back to Southern California on the grounds that venue was properly laid in that district and that Judge Harrison's ruling on the venue issue was erroneous. The motion was denied by Chief Judge Leahy who held that while he had the power to review Judge Harrison's determination of the venue issue, the considerations which give rise to the doctrine of the law of the case, the principles of the rule of comity and considerations for the orderly functioning of the judicial process, compelled him to the conclusion that he should not re-examine this previously litigated and adjudicated issue. D. C., 98 F.Supp. 198. It is the order denying the motion to retransfer the action which the petitioners here seek to have Chief Judge Leahy directed to vacate.

The respondent and intervenor urge that an appropriate case for mandamus is not presented by these facts since the petitioners will have an adequate remedy by appeal from any judgment which may be entered against them in the Delaware District Court. We agree.

Assuming that the order of the Southern California District Court was erroneous in sustaining the defendant's objection to the venue and that its order transferring the action to the District of Delaware was accordingly invalid, the error is one which this court will have power to correct upon appeal from the judgment ultimately entered in the action by the Delaware District Court. For if the order of transfer was erroneous all subsequent proceedings in the Delaware District Court are subject to that initial infirmity. It is an infirmity which the plaintiffs may doubtless waive since the court has jurisdiction of the subject matter and the parties are actually before it. But it is in the nature of a venue objection which, timely asserted as it has been here, the appearance of the plaintiffs in the Delaware District Court will not operate to waive.[1] Accordingly unless the plaintiffs should subsequently waive their objection to the order of transfer they will be entitled to assert it on appeal and, if the objection is sustained, obtain from this court an order vacating the judgment of the Delaware District Court and directing the remand of the action to the Southern District of California. The Court of Appeals for the Ninth Circuit so concluded in the mandamus proceeding brought by these petitioners before it and we agree with its conclusion.

In Ex parte Fahey, 1947, 332 U.S. 258, at pages 259–260, 67 S.Ct. 1558, 1559, 91 L. Ed. 2041, the Supreme Court said: "Mandamus, prohibition and injunction against judges are drastic and extraordinary remedies. We do not doubt power in a proper case to issue such writs. But they have the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him. These remedies should be resorted to only where appeal is a clearly inadequate remedy. We are unwilling to utilize them as a substitute for appeal. As extraordinary remedies, they are reserved for really extraordinary causes."

[1–3] Since an appeal in this action will be just as adequate as in any other case where an objection to jurisdiction or venue is overruled by the trial court and after a trial on the merits the objection is sustained on appeal from the final judgment[2] there are here no extraordinary circumstances which call for resort to the extraordinary remedy of mandamus. The mere fact that the petitioners will be put to the inconvenience and expense of what may prove to be a wholly abortive trial is an argument which might be addressed to Congress in support of legislation authorizing interlocutory ap-

1. Compare Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir.1944, 139 F.2d 871, certiorari denied 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573.

2. See, e. g., Blank v. Bitker, 7 Cir.1943, 135 F.2d 962.

peals but does not constitute ground for invoking mandamus power. As the Supreme Court said in Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 30, 63 S.Ct. 938, 943, 87 L.Ed. 1185: "Respondents stress the inconvenience of requiring them to undergo a trial in advance of an appellate determination of the challenge now made to the validity of the indictment. We may assume, as they allege, that that trial may be of several months' duration and may be correspondingly costly and inconvenient. But that inconvenience is one which we must take it Congress contemplated in providing that only final judgments should be reviewable. Where the appeal statutes establish the conditions of appellate review an appellate court cannot rightly exercise its discretion to issue a writ whose only effect would be to avoid those conditions and thwart the Congressional policy against piecemeal appeals in criminal cases. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783."

▮ What the Supreme Court said in U. S. Alkali Export Ass'n v. U. S., 1945, 325 U.S. 196, 202–203, 65 S.Ct. 1120, 1125, 89 L.Ed. 1554, is equally applicable: "It is evident that hardship is imposed on parties who are compelled to await the correction of an alleged error at an interlocutory stage by an appeal from a final judgment. But such hardship does not necessarily justify resort to certiorari or other of the extraordinary writs as a means of review. In such cases appellate courts are reluctant to interfere with decisions of lower courts, even on jurisdictional questions, which they are competent to decide and which are reviewable in the regular course of appeal. In re Tampa Suburban R. Co., supra [168 U.S. 583, 18 S.Ct. 177, 42 L.Ed. 589]; Ex parte Harding, 219 U.S. 363, 369, 31 S.Ct. 324, 325, 55 L.Ed. 252; Roche v. Evaporated Milk Ass'n, supra, 319 U.S. [21] 30, 31, 63 S.Ct. [938] 943, 944, 87 L.Ed. 1185, and cases cited; cf. Stoll v. Gottlieb, 305 U.S.

165, 59 S.Ct. 134, 83 L.Ed. 104; Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85. The writs may not be used as a substitute for an authorized appeal; and where, as here, the statutory scheme permits appellate review of interlocutory orders only on appeal from the final judgment, review by certiorari or other extraordinary writ is not permissible in the face of the plain indication of the legislative purpose to avoid piecemeal reviews. Roche v. Evaported Milk Ass'n, supra, 319 U.S. 30, 63 S.Ct. [938] 943, 87 L.Ed. 1185, and cases cited; and see Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783."

The petitioners argue that writs of mandamus have been granted by courts of appeals in cases involving the transfer of actions from one district to another and it cites a number of cases from various courts of appeals, including ours. Those cases, however, have all involved transfers under Sec. 1404(a) of Title 28 U.S.C., the forum non conveniens section. As we pointed out in Pennsylvania Turnpike Commission v. Welsh, 3 Cir., 1951, 188 F.2d 447, 449, footnote 2, these cases normally deal with an issue, the convenience of parties and witnesses, "which in its nature must be reviewed before trial, if at all." It may, therefore, be, as some courts of appeals have held,[3] that the remedy of mandamus should be available to prevent an abuse of discretion in such transfers. Moreover this court has held that mandamus is available in such a case to direct a district judge to exercise his discretion when he has declined to do so on the erroneous ground that the statute does not give him discretionary power to make the transfer requested.[4]

It is true that in some cases the courts of appeals have gone farther and entertained on their merits applications for mandamus in transfer cases under Sec. 1404(a) which involved a definite want of statutory authority to make the proposed transfer and not merely an abuse of discretion in bal-.

---

3. Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 1950, 178 F.2d 866; Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329, certiorari denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624; Atlantic Coast Line R. Co. v. Davis, 5 Cir., 1950, 185 F.2d 766; Nicol v. Koscinski, 6 Cir., 1951, 188 F.2d 537.

4. Paramount Pictures v. Rodney, 3 Cir., 1950, 186 F.2d 111, certiorari denied 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687.

306

ancing the conveniences involved.[5] It must be conceded that these cases conflict in principle with our present decision. However, we cannot follow them for the reasons stated by the Supreme Court in its opinions in Ex parte Fahey, Roche v. Evaporated Milk Assn., and U. S. Alkali Assn. v. U. S., from which we have already quoted.

The petition for a writ of mandamus will be denied.

5. Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949; Shapiro v. Bonanza Hotel Co., 9 Cir., 1950, 185 F.2d 777; Fettig Canning Co. v. Steckler, 7 Cir., 1951, 188 F.2d 715, certiorari denied 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1373.