ALD-111                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1158
_____

IN RE: BENJAMIN CUNNINGHAM
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:19-cv-19823)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 23, 2023
Before:  HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed:  April 13, 2023)
_____

OPINION*
_____

PER CURIAM

In 2019, pro se petitioner Benjamin Cunningham filed a complaint in the United

States District Court for the District of New Jersey.  Defendant the City of New York

filed a motion to dismiss Cunningham's claims, or in the alternative, to transfer venue.

The District Court granted the alternative relief requested by the motion, determining that

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

New Jersey was an improper venue for Cunningham's Amended Complaint. Pursuant to 28 U.S.C. § 1406(a), the District Court transferred venue to the United States District Court for the Southern District of New York, which has since entered judgment in favor of Defendants.[1] Cunningham appealed the transfer of venue to this Court, and we dismissed his appeal for lack of jurisdiction.[2] Cunningham now petitions this Court for a writ of mandamus directing the District Court to vacate its order transferring his complaint.

Although mandamus may be used to challenge a § 1406(a) transfer order, relief is generally not available unless the order is not only erroneous but amounts to "an unauthorized exercise of judicial power." Carteret Sav. Bank, F.A. v. Shusan, 919 F.2d 225, 233 (3d Cir. 1990); see Gulf Research & Dev. Co. v. Leahy, 193 F.2d 302, 304-05 (3d Cir. 1951) (explaining that mandamus should not be used as a substitute for appeal and is typically not available for § 1406(a) transfer orders unless there are exceptional circumstances). Cunningham has not demonstrated that the District Court's venue transfer was erroneous, much less that it amounts to an unauthorized exercise of judicial power. Moreover, even where mandamus relief might otherwise be appropriate, the transferor circuit loses mandamus jurisdiction when, as here, "the transferee court proceeds with the transferred case[.]" In re U.S., 273 F.3d 380, 384 (3d Cir. 2001).[3]

---

[1] Cunningham v. Port Authority of New York/New Jersey Agency et al., ECF 1:22-cv-06236 (S.D.N.Y September 28, 2022).

[2] Cunningham v. Port Authority of New York/New Jersey Agency et al., No. 22-2344 (3d Cir. January 18, 2023).

[3] While we have not yet defined at what point the transferee court "proceeds" with the case, it surely encompasses a situation where, as here, the transferee court has disposed of

Accordingly, we will deny the mandamus petition.

the transferred action.