**MOSELEY et al. v. SUNSHINE BISCUITS, Inc. et al.**

**Civ. A. No. 7657.**

United States District Court
W. D. Missouri, W. D.

Nov. 14, 1952.

Dietrich, Tyler & Davis, Kansas City, Mo., for plaintiff.

W. A. Ferguson, of New York City, and H. L. Rowlands of Kansas City, Mo., for Sunshine Biscuits.

Bernard J. Doyle, Omaha, Neb., James P. Aylward and Terence M. O'Brien, Kansas City, Mo., for Mainelli Realty Co.

REEVES, Chief Judge.

On a challenge to the jurisdiction of the court heretofore made by one of the defendants in the above cause, a memorandum opinion was prepared and filed. Moseley v. Sunshine Biscuits, D.C., 107 F.Supp. 464.

That opinion was based upon the theory as suggested by counsel for the movant, that Sunshine Biscuits, Inc., was not a resident of Missouri within the purview of the interpleader statute and the law fixing venues in the national courts.

An inspection of the complaint did disclose that Sunshine Biscuits, Inc., was authorized or licensed to do business in Missouri. This fact, however, did not appear from the briefs. On motion for rehearing the attention of the court has been called to the fact that the defendant, Sunshine Biscuits, Inc., is not only licensed to do business in Missouri, but has offices in Missouri where service was had upon it. The general venue statute, Section 1391, Title 28 U.S.C.A., specifically provides as follows:

"(c) A corporation may be sued in any judicial district in which it is * * * licensed to do business * * * *and such judicial district shall be regarded as the residence of such corporation for venue purposes.*" (Emphasis mine.)

On the subject of venue in interpleader cases, Section 1397, Title 28 U.S.C.A., reads as follows:

"Any civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside."

While this section relates to the subject of residence, yet, by specific provision, under the general venue statute, where a corporation is licensed to do business in a national judicial district, such district "shall be regarded as the residence of such corporation for venue purposes."

Quite clearly, therefore, Sunshine Biscuits, Inc., having been licensed to do business in this judicial district and having been served with process in the district is a resident of the district within the purview of the interpleader statute "for venue purposes." Gulf Research & Dev. Co. v. Schlumberger Well Sur. Corp., D.C., 92 F. Supp. 16.

Section 1335 relating to the subject of jurisdiction in interpleader cases confers upon the national courts jurisdiction where the adverse claimants have a different citizenship. It appears, therefore, from these sections that, for the purpose of venue, a licensed corporation is a resident of the district where service is properly had. But for interpleader purposes it is a non-resident of the state as prescribed by Section 1335.

The procedure outlined in interpleader cases may be found in Section 2361, Title 28 U.S.C.A. The greater part of this section relates to what may be designated as procedure in interpleader cases. Quite clearly the case at bar is "in the nature of interpleader." The plaintiffs may or may not have an interest in the fund other than as stakeholder. Whether the plaintiffs have an interest in the fund will depend upon the outcome of a court controversy between the claimants. It is alleged by the plaintiffs, however, that both parties are now claiming the fund. For their protection the plaintiffs have a right to come into court and avouch their purpose to turn over the fund in accordance with the direction of the court and retain it, or a portion of it, as may be judicially determined. It was the thought of the plaintiffs that this court would occupy the entire field. It appears from the statement of counsel that a suit was filed by Mainelli Realty Company against Sunshine Biscuits, Inc., in the District Court of Douglas County, Nebraska, on July 3, 1952. After this suit was filed, and probably before the service of process on the co-defendant, Sunshine Biscuits, Inc., the plaintiff instituted this interpleader action in this court.

The further procedure should be determined in accordance with equitable principles except where law matters are involved or intervene and questions of law may, under equitable principles, be rele-

gated or referred to law courts for decision and adjudication.

A somewhat similar case was determined by the St. Louis Court of Appeals for the State of Missouri, in Moore v. John J. Dowling Realty Co., Mo.App., 166 S.W.2d 238, loc.cit. 242, 243. It was there pointed out that:

> "An interpleader suit involves two successive litigations, one between the plaintiff and two or more defendants upon the question of whether or not the defendants shall interplead, and that being determined in the affirmative, the plaintiff, upon paying the fund into the registry of the court, steps down and out and is finally discharged, and thereafter the contest is between the different defendants on their conflicting claims. * * *

> "A court of equity once determining that the case is one for interpleader cannot dispose of that question and there stop, but must go further and provide for a complete adjudication of the rights of all the parties by requiring the various defendants to present their interpleas."

And then, 166 S.W.2d loc. cit. 243, the court said:

> "Would it not be the safer course to let the probate case now pending in the circuit court be determined, before the issues arising from the interpleas are tried? By following this procedure the interest of all the defendants will be fully and finally protected."

Since this is a case of an action "in the nature of an interpleader," the plaintiffs should not be discharged nor do they seek to be discharged, but the case should pend, whether determined here or elsewhere, until it appears what portion of the fund, if any, shall be awarded to the plaintiffs, and what portion, if any, should be awarded to one of the two adverse claimants. See 48 C.J.S., Interpleader, § 43, p. 95.

The motion for reconsideration should be sustained and the claimants should be enjoined from propounding claims for the fund against the plaintiffs save only by interplea in this court. It will be so ordered.