Ernest F. BORUSKI, Jr., Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent.

Nos. 290, 291, Dockets 29194, 29195.

United States Court of Appeals
Second Circuit.

Argued Jan. 13, 1965.

Decided Jan. 26, 1965.

As Amended Feb. 24, 1964.

**992**

Ernest F. Boruski, Jr., petitioner, pro se.

Walter P. North, Assoc. Gen. Counsel, Securities and Exchange Commission, Washington, D. C. (Philip A. Loomis, Jr., Gen. Counsel and Roy Nerenberg, Atty., SEC, on the brief), for respondent.

Before SMITH, KAUFMAN and ANDERSON, Circuit Judges.

PER CURIAM.

Petitioner *pro se* seeks review of two orders of the Securities and Exchange Commission revoking his broker-dealer registration, expelling him from the National Association of Securities Dealers and denying him registration as an investment adviser. We find the orders clearly justified and deny the petitions for review.

Petitioner's basic complaints, shrouded in a great deal of intemperate language, are with the financial reporting and certification requirements imposed on broker dealers by the SEC. The statute 15 U.S.C. § 78q empowers the Commission to require of broker dealers financial records and reports as may be necessary and appropriate in the public interest or for the protection of investors. Rule 17a–5, pursuant to the statute, requires such reports, certified by certified public accountants or qualified public accountants. Boruski has not complied for a four year period, apparently contending that the regulations are unreasonable. The regulations are not shown to be unreasonable; indeed, it is difficult to see how the Commission could carry on its task of protection of the public investor without financial information such as it sought here.

The finding of wilful failure to comply is supported by substantial evidence. This is sufficient to support both orders entered.

Boruski complains of the failure of the Commission to appoint counsel for him. We know of no requirement that counsel be appointed in these administrative proceedings. The orders, although serious in their effect, are not criminal judgments. If criminal charges should be brought against petitioner, he will, of course, be entitled to be represented by counsel as in all criminal prosecutions.

The petitions to review the two orders of the Commission dated September 11, 1964 are denied.

The two orders of the Securities and Exchange Commission, dated September

11, 1964, one order revoking Boruski's registration as a broker-dealer pursuant to Sections 15(b) and 15A(*l*) (2) of the Exchange Act, 15 U.S.C. § 78*o*(b) and 78*o*–3(*l*) (2), and expelling him from membership in the National Association of Securities Dealers, Inc.; the second order denying pursuant to Section 203 (d) of the Investment Advisers Act, 15 U.S.C. § 80b–3, Boruski's application for registration as an investment adviser, are both affirmed.