QUINN AND COMPANY, Inc., and John Dornacker, Petitioners,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent.

No. 71–1090.

United States Court of Appeals, Tenth Circuit.

Dec. 17, 1971.

Ernest W. Lohf, Denver, Colo., for petitioners.

Walter P. North, Associate Gen. Counsel (Jacob H. Stillman, Asst. Gen. Counsel, Frederic T. Spindel and Frederick L. White, Attys., on the brief), Securities and Exchange Comm., Washington, D. C., for respondent.

Before PICKETT, HILL and BARRETT, Circuit Judges.

HILL, Circuit Judge.

Quinn and Company, Inc. and Dornacker have petitioned this Court to review an order of the Securities and Exchange Commission entered on January 25, 1971, suspending Dornacker from association with any broker or dealer for a period of 20 days, and suspending Quinn and Company, Inc., from membership in the National Association of Securities Dealers, Inc., for a 15-day period to begin concurrently with Dornacker's suspension. By an order entered January 29, 1971, the Commission granted petitioners' request for a stay of its suspension order pending review by this Court.

Our review is based on 15 U.S.C. § 78y(a).[1]

The Commission found that Quinn and Company, and Dornacker, as vice president of Quinn, had willfully violated the registration provisions of the Securities Act in the offer, sale and delivery of the common stock of Mountain States Development Company, for which no securities registration statement had been filed or was in effect. The Mountain stock was sold by Quinn for the account of White, who had been a customer since 1963. The stock had been acquired by White directly from the issuer, Mountain, as a result of an agreement with Graham, the president of Mountain. It was established at the hearing before the Commission that Graham, wishing to buy certain logging equipment and gas well interests held by White, had approached the latter. White wanted cash, but was persuaded to take Mountain stock, which he was assured could be resold for cash.

The central issue in this case is whether White was a statutory "underwriter" with respect to the 25,000 shares of unregistered Mountain stock that Dornacker sold through Quinn and Company, Inc. Petitioners argue that the Commission erroneously found White to be an underwriter, pursuant to 15 U.S.C. § 77b(11).[2] Instead, petitioners argue that the Mountain-White transaction should be exempt under 15 U.S.C. § 77d(1).[3]

Since petitioners are claiming the availability of the exemption from registration, the burden of proof is

1. 15 U.S.C. § 78y(a) Any person aggrieved by an order issued by the Commission in a proceeding under this chapter to which such person is a party may obtain a review of such order in the United States Court of Appeals within any circuit wherein such person resides or has his principal place of business . . . .

2. 15 U.S.C. § 77b(11) The term "underwriter" means any person who has purchased from an issuer with a view to, or offers or sells for an issuer in connection with, the distribution of any security, or participates or has a direct or indirect participation in any such undertaking, or participates or has a participation in the direct or indirect underwriting of any such undertaking; but such term shall not include a person whose interest is limited to a commission from an underwriter or dealer in excess of the usual and customary distributors' or sellers' commission.

3. 15 U.S.C. § 77d Exempted Transactions. The provisions of 77e [stock registration] of this title shall not apply to— (1) transactions by any person other than an issuer, underwriter, or dealer.

clearly upon them to prove that White was not an underwriter.[4] The exemption relied upon must be strictly construed against the person claiming its benefit,[5] as public policy strongly supports registration.[6] We are compelled to affirm the holding of the Commission that White was an underwriter. The term underwriter is not limited to its common definition, but rather is a word of art. An underwriter is one who purchases stock from the issuer with an intent to resell to the public.[7] Petitioners urge that this Court should find White to be other than an underwriter on the basis of its prior decision in Can-Am Petroleum Co. v. Beck, 331 F.2d 371 (10th Cir.1964). In that case, a defrauded investor who had actively participated in the promotion and sale of the issuer's stock was not an underwriter. We find Can-Am distinguishable. Mrs. Beck, the defrauded investor, sold none of the stock she herself had acquired to the public. She had acquired that stock for investment purposes; she promoted sale of other stock to the public. White, on the other hand, acquired the Mountain stock with a view to resale. Thus the facts in the instant case and those in Can-Am are dissimilar.

Petitioners additionally contend that White's sale was quantitatively insufficient to constitute a public distribution. The purpose of the Securities Act is the protection of the investing public, whether the stock is acquired directly from the issuer or through an intermediary. It is firmly established that an issuer cannot avoid registration of its securities for a public offering simply by limiting the number of shares sold.[8] This Court is cognizant of the fact that the amount of Mountain shares sold by White does not form a great percentage of the total issue. However, under the circumstances, resale by White of 25,000 shares of Mountain stock constituted a public distribution.

The dealers' and brokers' exemptions contained in 15 U.S.C. § 77d[9] are inapplicable here. These exemptions are inapplicable to transactions involving an underwriter. Since the transactions effected by Quinn and Company, Inc. for White in the present case involved an underwriter (White), the exemptions are not available.

We agree with the Commission's finding that Quinn and Company, Inc. and Dornacker willfully violated the registration provisions of the Securities Act. White was an underwriter; Quinn and Company, Inc. and Dornacker sold the Mountain stock in violation of the Securities Act. Petitioners, as professionals in the securities business and as persons dealing closely with the investing public, are expected to secure compliance with the requirements of the Act to protect the public from illegal of-

4. Sec. and Exch. Comm'n v. Ralston Purina Co., 346 U.S. 119, 126, 73 S.Ct. 981, 97 L.Ed. 1494 (1953); Garfield v. Strain, 320 F.2d 116, 119 (10th Cir. 1963); Woodward v. Wright, 266 F.2d 108, 115 (10th Cir. 1959).

5. United States v. Custer Channel Wing Corp., 376 F.2d 675, 678 (4th Cir. 1967), cert. denied 389 U.S. 850, 88 S.Ct. 38, 19 L.Ed.2d 119.

6. Garfield v. Strain, 320 F.2d 116, 119 (10th Cir. 1963).

7. Gilligan, Will & Co. v. Sec. and Exch. Comm'n, 267 F.2d 461 (2d Cir. 1959), cert. denied 361 U.S. 896, 80 S.Ct. 200, 4 L.Ed.2d 152.

8. Sec. and Exch. Comm'n v. Ralston Purina Co., 346 U.S. 119, 73 S.Ct. 981, 97 L.Ed. 1494 (1953).

9. 15 U.S.C. § 77d Exempted Transactions. The provisions of section 77e [stock registration] of this title shall not apply to— . . . (3) transactions by a dealer . . . except . . . (C) transactions as to securities constituting the whole or a part of an unsold allotment to or subscription by such dealer as a participant in the distribution of such securities by the issuer or by or through an underwriter . . . (4) brokers' transactions executed upon customers' orders on any exchange or in the over-the-counter market but not the solicitation of such orders.

ferings.[10]  Quinn and Company, Inc. and Dornacker were not entitled to rely on the lack of cautionary legends on the stock certificates.  Brokers and securities salesmen are under a duty to investigate, and a violation of that duty brings them within the term "willful" of the Securities Act.[11]  The Commission was thus justified in finding petitioners' conduct willful within the meaning of the Act.

It is firmly established in this Circuit that the Commission, not the courts, has the primary responsibility for protection of investors in securities.[12]  The Commission has broad discretion in applying sanctions for violation of the Securities Act.[13]  Absent a clear abuse of that discretion, the Court will not substitute its views as to what the punishment shall be.[14]  We find no abuse of discretion here.  Accordingly, the Commission's order is affirmed.

See also D.C., 319 F.Supp. 149.

10. Stead v. Sec. and Exch. Comm'n, 444 F.2d 713, 716 (10th Cir. 1971).

11. Hanly v. Sec. and Exch. Comm'n, 415 F.2d 589, 595–596 (2d Cir. 1969).

12. Stead v. Sec. and Exch. Comm'n, *supra.*

13. Anderson and Co. v. Sec. and Exch. Comm'n, 423 F.2d 813, 817 (10th Cir. 1970).

