**G. EUGENE ENGLAND FOUNDATION,**
a non-profit corporation,
Plaintiff-Appellee,

v.

**FIRST FEDERAL CORPORATION, a**
**corporation, Defendant-Appellant.**

No. 72–1533.

United States Court of Appeals,
Tenth Circuit.

May 21, 1973.

Dwight L. King, Salt Lake City, for defendant-appellant.

C. Keith Rooker, Salt Lake City, Utah (Dale A. Kimball, Salt Lake City, Utah, on the brief), for plaintiff-appellee.

Before HILL and DOYLE, Circuit Judges, and BRATTON, District Judge.

HILL, Circuit Judge.

This is an appeal from a decree by the United States District Court for the District of Utah ordering rescission of an exchange agreement executed and subsequently performed by the parties to this appeal.

The action was brought by appellee Foundation claiming that appellant First Federal had unlawfully used a means or instrument of communication in interstate commerce to sell an unregistered security in violation of 15 U.S.C. § 77e, in a transaction not otherwise exempt under 15 U.S.C. § 77d, for which rescission is provided as a statutory remedy under 15 U.S.C. § 77*l*.[1]

In early January, 1968, 200,000 shares of Kashmir Oil, Inc. stock were issued to Norman Hays, now deceased, who was one of the incorporators of First Federal. First Federal Corporation was incorporated by Hays, his wife and son on July 19, 1968, under the laws of Utah to marshal the assets of Mr. and Mrs. Hays for the protection of the family. The stock was originally received by Hays bore a restrictive legend prohibiting any sale, transfer or disposition of the stock. Beneficial ownership of 125,000 shares of Kashmir Oil, Inc. was transferred to First Federal at the time of its incorporation. Ownership of the entire stock was transferred of record from Hays to his wife on February 17, 1969, at which time it was released from the original investment restriction.

In December, 1968, negotiations were conducted by telephone between Hays and England, the founder and president of G. Eugene England Foundation, which resulted in the offer by Hays of 125,000 shares of Kashmir Oil, Inc. stock in exchange for certain real property owned by appellee. England agreed to consider the offer, depending on the price of the stock. In assuring himself of the price he could get for the stock in the event the exchange was agreed

to, England secured options for the sale of the stock to White, the president of Kashmir Oil, Inc. The options, executed on March 4, 1969, granted White the option to purchase Kashmir Oil, Inc. stock at an agreed price. After securing these options, England contacted Hays and the exchange agreement was executed on April 7, 1969. Pursuant to the agreement a deed was executed by appellee conveying the real property to appellant in exchange for "125,000 shares of Kashmir Oil, Inc. free trading common voting corporate stock."

On April 3, 1970, within one year of the transaction,[2] an action was commenced by Foundation seeking rescission of the exchange agreement and return of the real property. In ordering rescission, the trial court concluded, in fact and in law, that First Federal was an underwriter under 15 U.S.C. § 77b(11) in a public offering of unregistered securities. On appeal, First Federal asserts the transaction was exempted from the registration requirements by the provisions of 15 U.S.C. § 77d(1) and (2).[3]

An underwriter is one who has purchased stock from the issuer with an intent to resell to the public.[4] *Quinn and Company v. S.E.C.*, 452 F.2d 943 (10th Cir. 1971), *cert. denied*, 406 U.S. 957, 92 S.Ct. 2059, 32 L.Ed.2d 344. The burden of proving that a particular transaction is exempt rests on the person asserting the exemption. *Quinn and Company v. S.E.C., id.* The original taking of the stock under an investment restriction is not conclusive that First Federal was not an underwriter. In *Gilligan, Will & Co. v. SEC*, 267 F.2d 461 (2d Cir. 1959), *cert. denied*, 361 U.S. 896, 80 S.Ct. 200, 4 L.Ed.2d 152, the Commission's finding that Gilligan, Will & Co. and its partners were underwriters was upheld in the face of the challenge that the securities had been taken with an investment intention and held for some ten months under

---

1. *Diskin v. Lomasney & Co.*, 452 F.2d 871 (2d Cir. 1971).

2. 15 U.S.C. § 77m.

3. "The provisions of section 77e of this title shall not apply to—

(1) transactions by any person other than an issuer, underwriter or dealer.

(2) transactions by an issuer not involving any public offering."

15 U.S.C. § 77d(1), (2).

4. 15 U.S.C. § 77b(11).

that restriction. The court there recognized that allowance of such course of dealing "would be to permit a dealer who speculatively purchases an unregistered security in the hope that the financially weak issuer had . . . 'turned the corner,' to unload on the unadvised public what he later determines to be an unsound investment without the disclosure sought by the securities laws, although it is in precisely such circumstances that disclosure is most necessary and desirable." The trial court here correctly found that no change in circumstances requiring a removal of the investment restriction had occurred between the time of original receipt of the stock and the exchange agreement on April 7, 1969.[5] It may be inferred from this fact that the original taking was not, in fact, with the intention of being restricted by the investment stamp, but subsequently to remove the restriction without sufficient basis for doing so, then to resell the stock to the public. In making this finding, the trial court correctly concluded that First Federal was an underwriter in the transaction.

Appellant next asserts exemption of the transaction from the registration requirement on the basis that this was not a "public offering" since this was a sale to only one person who had already secured options to resell the stock to the president of Kashmir Oil, Inc. In determining what constitutes a public offering, we have stated, "The number, amount and manner of the offering are, however, distinctly relevant, and the general criterion is whether the particular persons affected stand in need of the protection of the Act." *Garfield v. Strain*, 320 F.2d 116, 119 (10th Cir. 1963). England testified on cross-examination to prior dealings by himself in Kashmir Oil, Inc. stock. One such occasion was a substitute of Kashmir Oil, Inc. stock for other stock he held as security for a promissory note. He also testified to his having Kashmir Oil, Inc. stock of Hays by virtue of another unrelated transaction. There was no evidence, however, of what knowledge England possessed concerning either the stock or the company, nor was he shown to be in a position to know such information as would have been disclosed by registration. The trial court correctly concluded that appellee was one of the class needing the protection of the Securities Act.[6]

Appellant having failed to establish any entitlement to an exemption from registration under 15 U.S.C. § 77d(1) or (2), the trial court properly ordered rescission of the exchange agreement and return of the consideration exchanged.

AFFIRMED.

---

5. *See* P-H 1972 Securities Regulation Guide ¶ 2170.5 at 1166–67.

"However, a statement by the initial purchaser, at the time of his acquisition, that the securities are taken for investment and not for distribution is necessarily self-serving and not conclusive as to his actual intent.

An unforseen change of circumstances since the date of purchase may be a basis for an opinion that the proposed resale is not inconsistent with an investment representation. However, such claim must be considered in the light of all of the relevant facts."

6. *See Woodward v. Wright*, 266 F.2d 108 (10th Cir. 1959).