**Robert E. FEENEY, Harvey L. Velgersdyk and John R. Patterson, Petitioners,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

No. 76–2026.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 30, 1977.

Decided Nov. 3, 1977.

Michael A. Stapleton, Dubuque, Iowa, for petitioners.

James H. Schropp, Atty., Securities & Exchange Commission, Washington, D. C., for respondent; David Ferber, Sol., and Lawrence A. Horn, Atty., Securities & Exchange Commission, Washington, D. C., on the brief.

Before GIBSON, Chief Judge, and LAY and HEANEY, Circuit Judges.

GIBSON, Chief Judge.

The petitioners, Robert E. Feeney, Harvey L. Velgersdyk and John R. Patterson, were formerly branch managers of Kirsch, Chandler, Feeney and Co., Inc., a registered securities dealer operating in the state of Iowa. In their capacities as branch managers and securities salesmen they sold unregistered securities composed of notes and mortgages purportedly secured by Arizona real estate. The notes and mortgages, issued by New Life Trust, Inc., were worthless. The Securities and Exchange Commission found that petitioners willfully violated the anti-fraud provisions of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), and willfully aided and abetted violations of the registration provisions of §§ 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c). As sanctions, the Commission barred petitioners from association with any broker or dealer, with the proviso that the petitioners could, after one year, reapply to become associated in a non-supervisory, non-proprietary capacity, subject to adequate supervision. A careful review of the record discloses substantial evidence to support these findings and, perceiving no error of law, we affirm.

█ Feeney, Velgersdyk and Patterson were stockholders, directors and vice presidents of Kirsch-Chandler. Each was a registered representative and registered principal licensed by the National Association of Securities Dealers. From autumn 1971 to autumn 1973 petitioners sold to the public assignments of contract rights, and 12% notes and mortgages issued by New Life Trust, Inc., an Arizona corporation purporting to develop a residential community in the desert. New Life Trust paid 20% commissions for these sales. Feeney, Velgersdyk and Patterson received 10% on the securities that they personally sold and 5% on those sold by employees under their supervision.

The record is clear that New Life Trust was in poor financial condition throughout its brief existence and was adjudged bankrupt on November 27, 1973. The "first mortgages" that purported to secure the investors were worthless because no serious effort was made to develop the land. In any event, the land could not be encumbered without permission of a trustee who held title under an installment purchase

contract entered into by New Life Trust. No permission was sought or received.

In selling these securities, petitioners made numerous false representations to members of the public as to the soundness and nature of the investments. Often the buyers were elderly, poorly educated and totally unprepared for these high risks. Given the red flags of 12% interest, 20% sales commissions and the fact that a desert development was involved, it is clear that there was substantial evidence to support the Commission's finding of violations of the anti-fraud provisions of § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a).

■ The petitioners, as professional securities salesmen, have a direct obligation to the public to investigate the relative value of securities offered by them and to apprise the public of material facts respecting the value of such securities. *See Hanly v. SEC,* 415 F.2d 589, 597 (2d Cir. 1969). Quite to the contrary, the petitioners falsely represented that the securities were secured by first mortgages, that the lots were three times the value of the notes, and that a shopping center was on the site and houses were being built, when they had no adequate reason to believe such representations to be true. Investigation of the actual facts would have revealed raw desert land without potable water, many miles removed from the ordinary amenities of life.

Particularly revealing of the petitioners' total disregard of their obligation as professional securities salesmen to the public was the contention before the Commission that, "so long as no governmental action was taken to prevent NLT [New Life Trust] from selling lots, they were entitled to assume that NLT's three-year notes were a good investment." It is obvious that persons entertaining such views of their responsibilities to the public should not be engaged in the securities business, a business uniquely suited for unloading worthless securities at high sales expense to unsuspecting members of the public. Here, persons least able to risk their modest savings were encouraged to invest in schemes apparently operated solely for the benefit of the promoters and securities salesmen.

■ Feeney, Velgersdyk and Patterson do not challenge the finding that they sold securities that were required to be registered. Rather, they claim that they were entitled to rely on the assurances of the other company officers that registration was not required. We reject that contention. This court has recently recognized that ignoring the obvious need for further inquiry and reckless indifference to suspicious facts will support a finding of a violation of §§ 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c). *Wasson v. SEC,* 558 F.2d 879, 887 (8th Cir. 1977). Certainly officers of a broker-dealer firm managing branch offices must be expected to have sufficient knowledge of the securities laws to investigate affirmatively the registration requirements of such securities.

■ Finally, petitioners urge that the Commission erred in not providing appointed counsel for them. Although serious sanctions affecting the petitioners' ability to earn a livelihood are authorized, this is not a criminal proceeding. Assuming that petitioners are indigent, the simple fact is that the Constitution, the statutes and prior case law do not require the appointment of counsel at public expense in this type of administrative proceeding. *Boruski v. SEC,* 340 F.2d 991, 992 (2d Cir.), *cert. denied,* 381 U.S. 943, 944, 85 S.Ct. 1545, 14 L.Ed.2d 437 (1965).

The order appealed from is affirmed.