**TODD AND COMPANY, INC. and Thomas K. Langbein, Petitioners,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**No. 80–1633.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 1, 1980.

Decided Dec. 10, 1980.

---

See, *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

**4.** XII, Lloyd Paul Stryker, *The Art of Advocacy* (1954).

Lawrence E. Jaffe, Garman, Jaffe, Sonkin & Schiff, Carlstadt, N.J., Marcus, Rosen, Breslow, Levy, Jaffe & Fiorello, P.C., Totowa, N.J., for petitioners.

Jacob H. Stillman, Associate Gen. Counsel, Richard A. Kirby, Sp. Counsel, Larry R. Lavoie, Atty., Securities and Exchange Commission, Washington, D.C., for respondent; Paul Gonson, Sol., Washington, D.C., of counsel.

Before ALDISERT, HUNTER and HIGGINBOTHAM, Circuit Judges.

OPINION OF THE COURT

ALDISERT, Circuit Judge.

This petition for review of an order by the Securities and Exchange Commission is before us under § 25(a)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78y(a)(1), and requires us to determine whether reconsideration of petitioners' arguments by this court, which previously remanded this case to the Commission with directions, is precluded by the "law of the case." We conclude that the issues were previously briefed, argued, and decided in this court, and therefore deny the petition for review.

Our previous opinion in this case details the facts, and we need not belabor them. Todd and Company, a member of the National Association of Securities Dealers, underwrote on a "best efforts, all or none" basis, the initial common stock issuance of Automated Medical Laboratories, Inc., in 1972. Thomas K. Langbein, president and majority stockholder of Todd, directed the transaction.

The NASD found that Todd and Langbein had manipulated the market by simultaneously purchasing Automated stock and, by driving up the price through this artificial demand, reselling it at inflated prices. Todd allowed purchasers of the stock to acquire a limited number of shares, thereby creating a perception among investors that Automated was a "hot issue." On April 19 and 20, 1972, Todd repurchased over 115,000 of the original 250,000 shares of Automated at prices ranging from four to four and three-quarters dollars each, and resold these shares at prices ranging from five to six dollars a share. In those two days, Todd earned over $112,000 as compared to its $75,000 fee for the month of underwriting work.

The NASD brought charges against Todd and Langbein, alleging that they and a number of Todd salesmen had sold the Automated stock without disclosing that Todd controlled the market in that stock, and that Todd had executed the transactions at prices that were unreasonable and unfair, both in violation of NASD rules. Although

the NASD District Business Conduct Committee found that Todd and Langbein had committed only the acts alleged in the second count, the NASD Board of Governors reinstated the first count, and the SEC affirmed but reduced the sanctions. In the prior opinion of this court, we affirmed the findings relevant to the second count but concluded that the Board of Governors erred in reinstating the first count without notifying Todd and Langbein of that intention in advance of the hearing. *Todd & Co. v. SEC*, 557 F.2d 1008, 1014 (3d Cir. 1977). Because the sanctions imposed by the NASD and SEC were not segregated between the two counts, the case was remanded for reconsideration of sanctions.

On remand, the Board of Governors conducted a hearing, at which Todd and Langbein argued that mitigating circumstances warranted a reduction in the sanctions. On December 13, 1979, the Board reduced the sanctions against Todd and Langbein, ordering (1) that Todd and Langbein be censured and fined $10,000, jointly and severally, (2) that Todd be suspended from certain NASD activities for thirty days, and (3) that Langbein be barred from association with any NASD member for thirty days. On March 10, 1980, the Commission affirmed in the order now under review.

Although the previous opinion of this court explicitly discussed only three issues, 557 F.2d at 1012, petitioners had raised seven contentions. *See* Brief for Petitioners at pp. i–ii, *Todd & Co. v. SEC*, 557 F.2d 1008 (3d Cir. 1977).[1] In the petition currently before us, petitioners raise four partially repetitive issues. Although conceding that these issues were presented to the court in the prior petition,[2] petitioners argue that the court left them open by not

addressing them in its opinion. They assert that our failure to consider the issues *de novo* under this petition will preclude them from obtaining real appellate review of the Commission's action.

Petitioners' premise is incorrect. By stating that "[p]etitioners raise several additional issues which do not require *discussion*," 557 F.2d at 1012 n.2 (emphasis added), the prior panel did not imply that it had not *considered* the arguments reasserted in this petition. In addition, in upholding the Commission's order finding a violation under count two of the complaint, the court logically had to consider all issues presented. Petitioners' arguments—factual error, erroneous imposition of liability on Todd and Langbein after the principal actors had been dismissed, failure to allege and prove scienter, and initiation of new allegations by the Commission in its role of appellate forum—each would have been fatal to the allegations if accepted by the court. In affirming the findings of a violation under count two, the court must have rejected each argument.

The true issue, therefore, is whether we are now free to reconsider the arguments rejected by an earlier panel.[3] The judicial system's interest in finality and in efficient administration gives rise to the precept referred to as "the law of the case." The Supreme Court has explained the doctrine by stating:

> [A]fter a case has been brought here and decided, and a mandate issued to the court below, if a second writ of error is sued out, it brings up for revision nothing but the proceedings subsequent to the mandate. None of the questions which were before the court on the first writ of error can be reheard or examined on the

---

1. Briefs filed in the current proceeding are designated as "Brief for Petitioners" without subsequent citation.

2. *See* Reply Brief for Petitioners 13, 18, 20, 22.

3. Petitioners argue that the Supreme Court's intervening decision in *Aaron v. SEC*, 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980), requires reconsideration of this court's previous disposition of the scienter issue. In *Aaron*,

the Court held that the SEC must allege and prove scienter in civil injunction actions for certain violations of the securities laws. Because this case arose in the wholly different context of a private NASD disciplinary action, we reject the invitation to reconsider our earlier decision. We also note that the complaint contains sufficient allegations of scienter to satisfy the *Aaron* rule, if applicable. *See* complaint ¶ 8, *reprinted in* App. at 23a.

second. To allow a second writ of error or appeal to a court of last resort on the same questions which were open to dispute on the first would lead to endless litigation.... [T]here would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on [its] opinions, or speculate on chances for changes in its members.

*United States v. Camou*, 184 U.S. 572, 574, 22 S.Ct. 505, 506, 46 L.Ed. 694 (1902). The doctrine applies not only to issues that were actually discussed by the court in the prior appeal, but also to issues decided by necessary implication. *Lehrman v. Gulf Oil Corp.*, 500 F.2d 659, 662–63 (5th Cir. 1974), *cert. denied*, 420 U.S. 929, 95 S.Ct. 1128, 43 L.Ed.2d 400 (1975); *see Ratay v. Lincoln National Life Insurance Co.*, 405 F.2d 286, 290 (3d Cir. 1968); *see also Quern v. Jordan*, 440 U.S. 332, 347 n.18, 99 S.Ct. 1139, 1148, 59 L.Ed.2d 1139 (1979) ("issues previously determined.").[4] A subsequent appellate panel must determine whether the arguments presented to it were considered or left open by the prior panel; if the arguments were not considered, it must determine whether they were fairly presented and thus preserved for later consideration.

When we decided the first petition in this case, we accepted that part of the Commission's order holding Todd and Langbein in violation of NASD's rules. That holding necessarily disposed of each of petitioners' arguments contesting the finding of violations. We were persuaded, however, that the resurrection of the first count of the complaint without notice by the Board of Governors did undermine petitioners' opportunity to contest that count effectively. We therefore remanded the case to the Commission with instructions that the Board of Governors was to dismiss the first count and reconsider the sanctions previously imposed on petitioners in light of the dismissal of count one. The only issue left in the case was the issue of appropriate sanctions. The Board of Governors reconsidered the original sanctions and reduced them substantially. Nevertheless, petitioners continue to assert arguments relevant only to the issue of liability.[5] The implicit answers given on the first petition now constitute the law of the case, and we are bound to follow that law.

Accordingly, the petition for review of the Commission's order of March 10, 1980, will be denied.

---

**4.** Petitioners cite decisions from the fifth circuit to support their argument that the subsequent court may change the law of the case if the determinations made by the previous panel were "clearly erroneous and would work a manifest injustice." *William G. Roe & Co. v. Armour & Co.*, 414 F.2d 862, 867–68 (5th Cir. 1969) (quoting *White v. Murtha*, 377 F.2d 428, 431–32 (5th Cir. 1967)). This court has not yet recognized such an exception to the law of the case doctrine, but, because we do not find the earlier panel's determinations "clearly erroneous," we need not speculate on the validity of the exception.

**5.** Although petitioners were free under the law of the case to challenge the new sanctions as unduly severe, they have instead chosen to resubmit the arguments previously before the court.