This case is before the court on defendant’s motion for summary judgment and on plaintiffs request for a partial trial de novo. After careful consideration of the parties’ submissions and without oral argument, we allow the defendant’s motion and deny the plaintiffs request.
The plaintiff, Alexander Gintel, a member of the United States Civil Service for 16 years, was assigned in September 1976 to be diesel oiler seaman aboard the United States *491 Navy Mizar at Yokosuka, Japan. Subsequently, the plaintiff alleged harassment by his immediate supervisor and claimed that if he were to remain on board ship, he would suffer a nervous breakdown.[1] On December 3, 1976, Dr. Pepper, Chief of Psychiatry at the Naval Hospital in Yokosuka, Japan, saw the plaintiff and declared him fit for duty. The plaintiff left ship, without permission, on December 4,1976, departing for Oakland, California. There he saw psychiatrists at the Permanente Medical Group. It was believed by these doctors that if he had remained on board ship, it was highly probable he would have experienced a complete nervous collapse.
On December 15, 1976, the Department of the Navy gave the plaintiff a notice concerning proposed action to remove him from his position as oiler seaman. According to its procedures, the Navy allowed the plaintiff an opportunity to respond both orally and in writing. The plaintiff chose to respond only by writing. Following the opportunity for a hearing, the Navy removed the plaintiff from his position. He appealed the Navy’s decision to the Federal Employee Appeals Authority, where it was upheld.[2] The plaintiff then sought review before the Appeals Review Board. The Board, however, denied a reopening and reconsideration of the issue. Having exhausted his administrative remedies, the plaintiff is now seeking redress from this court.
This court may only review the administrative record to see whether procedural requirements were complied with and whether
* * * the officials who effected the dismissal acted arbitrarily, capriciously, or were so grossly erroneous or as to be in bad faith, as for instance where they may have acted without substantial evidence to support their decision or where they exceeded their authority.
Morelli v. United States, 177 Ct. Cl. 848 (1966). The hearing officers had, as evidence, two conflicting letters, that of Dr. *492 Pepper saying the plaintiff was fit for duty and that of Dr. Martin saying if plaintiff had stayed on board it was highly probable Mr. Gintel would have suffered a nervous collapse. It is not for this court-to reweigh the evidence. There was substantial evidence, in the form of Dr. Pepper’s letter, to support the Federal Employee Appeals Authority’s decision. Therefore, that decision was not arbitrary and capricious.
It was proper for the Appeals Review Board to deny plaintiffs request to reopen and reconsider its decision. 5 C.F.R. §772.310 provides a hearing may be reopened if "new and material evidence is available that was not readily available when the decision of the appeals officer was issued.” 5 C.F.R. § 772.310 (1978). The evidence plaintiff sought to introduce as to the limited extent of his interview with Dr. Pepper was available at the time of the Federal Employee Appeals Authority hearing and should have been introduced then. It was not proper grounds for a rehearing.
The plaintiff raises several procedural issues that are of no merit. He argues that the procedures used to effect his dismissal impermissibly combined prosecutory and adjudicatory functions. The record, however, shows that both the Federal Employee Appeals Authority and the Appeals Review Board operated independently of the Department of the Navy. The plaintiff also argues that he had ineffective assistance of counsel. There is, however, no right to effective assistance of counsel in an administrative hearing. Boruski v. S.E.C., 340 F. 2d 991, 992 (2d Cir.), cert. denied, 381 U S. 943 (1965). Further, he argues that his dismissal did not promote the efficiency of the service. Plaintiff took unauthorized leave shortly before the ship set sail. This action was clearly a detriment to the efficiency of the service. There is no evidence the Navy’s decision to dismiss the plaintiff was not taken in good faith. See Schlegel v. United States, 189 Ct. Cl. 30, 40, 416 F. 2d 1372, 1378 (1969), cert. denied, 397 U. S. 1039 (1970). We, therefore, cannot agree with the plaintiff that his dismissal did not promote the efficiency of the service.
The plaintiff also seeks to apply the doctrine of maintenance and cure to this case. This doctrine provides compensation to a seaman who falls ill or is injured while in the *493 service of his vessel. McCorpen v. Central Gulf and Steamship Corp., 396 F. 2d 547, 548 (5th Cir.), cert. denied, 393 U. S. 894 (1968). Johansen v. United States, 343 U. S. 427 (1952), holds that the sole remedy for a civil service employee injured on board a United States vessel is, however, under the Federal Employees Compensation Act, 5 U.S.C. §8101 et seq. (1976). It is not too late for this plaintiff to file a claim under the Act, since such claim must be filed within 3 years of the date of injury. 5 U.S.C. § 8122 (1976). Plaintiff, therefore, has no remedy in this court.
it is therefore ordered that defendant’s summary judgment motion be and is hereby allowed. Plaintiffs request for a partial trial de novo is hereby denied. The petition is hereby dismissed.

 The sworn statement of the Chief Engineer indicates plaintiff was told he would not be assigned to the same supervisor once the ship set sail.

 Under the Civil Service Reform Act of 1978, Pub. L. No. 95-454,92 Stat. 1111, the Merit Systems Protection Board replaced the Federal Employee Appeals Authority. Since the administrative proceedings were initiated prior to the effective date of the Act, however, this suit is not governed by the 1978 Reform Act. Gaskins v. United States Postal Service, 221 Ct.Cl. 918 (1979).