Ronald G. SORRELL, Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent,

No. 81–7334.

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 1982.

Decided June 24, 1982.

---

Lawrence I. Weisman, Towson, Md., for petitioner.

Gen. Counsel, S. E. C., Washington, D. C., for respondent.

Before BROWNING, WRIGHT, and TRASK, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Sorrell petitions us to reverse sanctions imposed upon him by the National Association of Securities Dealers (NASD), and affirmed but reduced by the Securities and Exchange Commission. We must determine whether the record offers adequate support for the conclusions of the SEC.

The NASD charged Sorrell with selling unregistered securities and failing to notify his employer, Cochrane & Co., of such sales. Cochrane & Co. and its president, Edward Cochrane, were charged with failing adequately to supervise Sorrell. The NASD District Business Committee held a hearing on the charges against Sorrell in Hawaii. The charges against Cochrane & Co. and Edward Cochrane were heard in California. The Committee found Sorrell guilty of both charges but dismissed the charges against Cochrane & Co. and Edward Cochrane.

The Committee fined Sorrell $6,000 and suspended him from practice as a principal for one year. The NASD Board of Governors affirmed the findings of the Committee and approved the sanction. Sorrell appealed to the SEC.

The SEC agreed that Sorrell sold unregistered securities but found insufficient evidence to support the charge that he failed to notify his employer of the sales. Because it reversed one charge, the SEC reduced the suspension to eight months and left the fine at $6,000.

Sorrell urges us to find the statute[1] authorizing self-regulatory groups such as the NASD, an unconstitutional delegation of legislative power to a private organization. He argues also that the NASD rule under which he was charged is void for vagueness and that the NASD failed to provide him with a fair hearing.

Substantively he admits that he sold unregistered securities, but argues that no violation occurred because the securities were exempt from regulation.

Finally, Sorrell argues that when the SEC reversed one charge, it had no power to reduce the sanction but was required to remand the case to the NASD for reconsideration. Alternatively, he urges that the sanction, as imposed by the SEC, is an abuse of discretion.

*The Constitutionality of the NASD*

■ We follow the line of decisions rejecting claims that the Maloney Act, authorizing associations such as the NASD, is an unconstitutional delegation of legislative power. *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690, 697 (3d Cir. 1979), *cert. denied*, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980); *Todd & Co. v. SEC*, 557 F.2d 1008, 1012 (3d Cir. 1977), *later app.* 637 F.2d 154 (3d Cir. 1980); *R. H. Johnson & Co. v. SEC*, 198 F.2d 690, 695 (2d Cir.), *cert. denied*, 344 U.S. 855, 73 S.Ct. 94, 97 L.Ed. 664 (1952). As the Second Circuit stated:

---

1. 15 U.S.C. § 78o–3 allows associations of brokers and dealers to register with the SEC pursuant to rules and minimum requirements set forth in the section.

In light of the statutory provisions concerning (a) the Commission's power, according to reasonably fixed statutory standards, to approve or disapprove of the association's Rules, and (b) the Commission's review of any disciplinary action, we see no merit in the contention that the Act unconstitutionally delegates power to the association.[2]

*Id.*

### Vagueness of NASD Rule Section I

■ Sorrell was charged under Section I of the NASD rules, which reads: "A member, in the conduct of his business, shall observe high standards of commercial honor and just and equitable principles of trade." Evaluating his vagueness claim in the context of his violation, selling unregistered securities, we find Sorrell had adequate notice that such an obvious violation of the securities laws also would violate Section I. *See Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 2561, 41 L.Ed.2d 439 (1974) (one to whose conduct a statute clearly applies may not challenge it for vagueness); *Todd & Co. v. SEC*, 557 F.2d 1008, 1013 (3d Cir. 1977).

### Fairness of NASD Procedures

Sorrell strenuously objects to the two-hearing procedure, arguing that the charges against him hinged on whether the Committee believed him or Edward Cochrane. Because only one panel member was present at both hearings, Sorrell argues, the Committee could not possibly have assessed credibility adequately. He objects also to alleged ex parte communications and the Committee's independent supplementing of the record.

■ The SEC considered all the alleged procedural errors and determined they were without merit, particularly since the credibility contest between Sorrell and Cochrane related only to a charge that Sorrell failed to notify his employer regarding the selling of the securities, and this charge was dropped by the Commission. We review the errors only to determine if they infected the Commission's action and led to error on its part. *Shultz v. SEC*, 614 F.2d 561 (7th Cir. 1980); *Whiteside & Co. v. SEC*, 557 F.2d 1118, 1120 (5th Cir. 1977), *cert. denied*, 435 U.S. 942, 98 S.Ct. 1521, 55 L.Ed.2d 538 (1978). We find that they did not.

### Exemption from the Registration Requirements

■ Sorrell sold at least 16 limited partnership interests in the Cherokee Coal Company without registration. He argues that Section 4(2), the private offering exemption, and Rule 146, the safe harbor for private offerings, both exempted these partnership interests from registration.[3]

■ Exemption from registration under section 4(2) depends on (1) the number of offerees, (2) the sophistication of those offerees, (3) the size and manner of the offering, and (4) the relationship of the offerees to the issuer. *SEC v. Murphy*, 626 F.2d 633, 644–45 (9th Cir. 1980). The offerees' access to financial information about the investment, similar to what would be found in a registration statement, is crucial. *Id.* at 647. Rule 146 is more specific but considers similar factors.

■ Exemptions are construed narrowly and the burden of proof is on the person claiming the exemption. *SEC v. Blazon Corp.*, 609 F.2d 960 (9th Cir. 1979). Sorrell offered no evidence of the number of offerees and of their access to registration type

---

**2.** Sorrell's claim of unconstitutional delegation appears to rest on his mistaken idea that the SEC does not engage in an independent review of NASD decisions. As we stated in *Sartain v. SEC*, 601 F.2d 1366, 1371 n.2 (9th Cir. 1979), SEC review is de novo.

**3.** Sorrell also suggests that Rule 147, the intrastate offering rule, might exempt the limited partnership interests. Stated simply, Rule 147 covers offerings by local businesses to local residents where the funds will be used locally. Here, Hawaii residents invested in a California limited partnership that operated coal leases in Wyoming. The offering clearly did not qualify.

information. The investors were given no information about the general partner of Cherokee Coal Company, nor the land the partnership intended to lease. Sorrell failed to meet his burden of proving exemption under either section 4(2) or Rule 146.

### Good Faith and Reliance on Counsel Advice

Sorrell argues that even if he technically violated the registration requirement, he cannot be found guilty of a willful violation[4] because he relied on the advice of counsel that the partnership interests qualified for an exemption.[5]

Brokers are expected to have sufficient knowledge of securities laws to investigate affirmatively when it appears that an offering may require registration. *Quinn & Co. v. SEC*, 452 F.2d 943, 946–947 (10th Cir. 1971), *cert. denied*, 406 U.S. 957, 92 S.Ct. 2059, 32 L.Ed.2d 344 (1972) (broker not entitled to rely on lack of cautionary legends on stock certificate).

When a broker ignores the obvious need for further inquiry, even in reliance on assurances from other brokers or attorneys, he violates the act. *Feeney v. SEC*, 564 F.2d 260, 262 (8th Cir. 1977), *cert. denied*, 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed.2d 60 (1978). Sorrell's reliance on attorney Loden's advice and Cochrane's purported concurrence does not excuse his own lack of investigation.

Nor could Sorrell reasonably rely on advice from White, attorney for Cherokee Coal Company. A broker may not rely on counsel's advice when the attorney is an interested party. *Arthur Lipper Corp. v. SEC*, 547 F.2d 171, 182 (2d Cir. 1976), *cert. denied*, 434 U.S. 1009, 98 S.Ct. 719, 54 L.Ed.2d 752 (1978).

### The Sanctions

In reviewing an NASD decision, the SEC is charged by statute, 15 U.S.C. § 78s(e) (1976), with determining whether the sanction imposed is excessive or oppressive. In *Sartain v. SEC*, 601 F.2d 1366 (9th Cir. 1979), we found proper the SEC affirmance of an NASD sanction even though the SEC had reversed one of the charges upon which it was based. *Id.* at 1374. The SEC acted equally within its power when it reduced Sorrell's sanction after reversing one of the charges against him.[6]

Nor do we agree with Sorrell that the sanction imposed is excessive. The SEC has broad power to determine appropriate sanctions, and we will reverse only for an abuse of discretion. *Sirianni v. SEC*, 677 F.2d 1284 (9th Cir. 1982).

The decision of the SEC to suspend Sorrell for eight months and fine him $6,000 for selling unregistered securities is affirmed.

---

4. It is not clear whether a violation of NASD Rules requires a finding of willfulness. The cases Sorrell cites all address a suspension action initiated by the SEC under its own powers, not a review by the SEC of NASD action. *See, e.g., Nees v. SEC*, 414 F.2d 211 (9th Cir. 1969). In any event, we find his violation willful.

5. Sorrell presented little credible evidence that he actually received advice from counsel.

6. Sorrell relies on *Todd & Co. v. SEC*, 557 F.2d 1008 (3d Cir. 1977), *later appealed, Todd & Co.*

*v. SEC*, 637 F.2d 154 (3d Cir. 1980). In *Todd & Co.*, the SEC had affirmed a sanction imposed by the NASD after the NASD had reinstated a dropped charge against the defendant without notice to him. The court remanded to the NASD because of the seriousness of the error and its inability to determine what sanction either the SEC or the NASD would have imposed without the error. The case is wholly inapposite.