**Charles Phillip ELLIOTT, Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

No. 92–3254
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 18, 1994.

Charles Phillip Elliott, pro se.

William F. Johnson, Office of Gen. Counsel, Jacob H. Stillman, Brian D. Bellardo, S.E.C., Washington, DC, for respondent.

Before TJOFLAT, Chief Judge, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

The Securities and Exchange Commission (SEC) barred Petitioner Charles Phillip Elliott from associating with any securities broker or dealer. Elliott now brings an appeal to this court under 15 U.S.C. § 78y(a)(1). We affirm.

The SEC may bar a person from associating with securities brokers or dealers if, *inter alia*, the person has been enjoined from activities involving the purchase or sale of securities or has been convicted within the past 10 years of certain enumerated crimes including mail or securities fraud, if the SEC finds that such a bar would be in the public interest. 15 U.S.C. § 78o(b)(6)(A)(ii) & (iii). Elliott had operated and controlled several closely related financial services businesses in the 1980s. After an investigation, the SEC sued Elliott in federal court for injunctive relief in 1987, alleging violations of various provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. Elliott, without admitting guilt, consented to the entry of an injunction barring further securities law violation; he also consented to the appointment of a receiver to take control of his companies and distribute assets to investors. Three years later, Elliott was convicted of 37 counts of mail and securities fraud, based principally on the conduct alleged in the SEC's earlier complaint for injunctive relief. The SEC then filed the current action to bar Elliott from associating with any securities broker or dealer.

After an evidentiary hearing, an administrative law judge determined that Elliott's conviction and the injunction provided adequate grounds for imposition of the bar. The SEC reviewed the matter *de novo* and affirmed. Elliott now raises a number of issues on appeal. We will uphold the SEC's findings of fact if they are supported by substantial evidence. 15 U.S.C. § 78y(a)(4).

Elliott first claims that his conviction was invalid. However, he has an avenue for challenging his conviction in a direct criminal appeal, which is currently pending. It is beyond question that he is within the category of those who may be barred; he has been convicted of specified offenses within the past 10 years. Nothing in the statute's language prevents a bar to be entered if a criminal conviction is on appeal. We will not entertain the collateral attack on the criminal conviction.

Elliott's attack on the injunction as support for the bar also must fail. Under the statutory language, existence of the injunction provides a ground for the bar adequate in itself and independent from the criminal conviction. The fact that Elliott consented to the injunction without admitting guilt does not prevent the use of the injunction as support for the bar. His complaint that the receiver took control of his assets without a prior hearing ignores the fact that he consented to the appointment of the receiver.

We also must reject arguments by Elliott that the SEC erred in finding that a bar would be in the public interest. He has been convicted of serious violations of the securities laws; this in itself is sufficient to support the SEC's conclusion.

Elliott's complaint that the SEC improperly acted as both "enforcer and arbiter" is meritless. Congress specifically provided for the procedures used in this case. *See* 15 U.S.C. §§ 78o, 78u, 78v; *see also* 5 U.S.C. § 554 *et seq.* (Administrative Procedure Act). An agency may combine investigative, adversarial, and adjudicative functions, as long as no employees serve in dual roles. Elliott makes no assertions of any SEC employee filling such dual roles.

■ Petitioner next argues that the SEC erred in denying his motion to compel production of the receiver's "final report," which he claims would be exculpatory. However, in regard to this and other documents mentioned, Elliott has failed to assert the manner in which they may be exculpatory, beyond making broad general statements. This contention is also without merit.

■ Elliott asserts prejudice due to his lack of representation by counsel during the administrative proceeding. This argument must be rejected, as there is no statutory or constitutional right to counsel in an administrative proceeding of this kind. *Feeney v. SEC*, 564 F.2d 260, 262 (8th Cir.1977), *cert. denied*, 435 U.S. 969, 98 S.Ct. 1608, 56 L.Ed.2d 60 (1978); *see also United States v.*

*Rogers*, 534 F.2d 1134, 1135 (5th Cir.), *cert. denied*, 429 U.S. 940, 97 S.Ct. 355, 50 L.Ed.2d 309 (1976) (no Sixth Amendment right to counsel in civil cases).[1]

In sum, we find all of the contentions made in Elliott's various findings to be without merit. The judgment of the SEC is therefore

AFFIRMED.

---

**1.** This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).