112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian L. GIBBONS, Petitioner,
v.
SECURITIES AND EXCHANGE COMMISSION, Respondent.
 No. 96-70541.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian L. Gibbons petitions pro se for review of an order of the Securities and Exchange Commission (SEC) affirming the National Association of Securities Dealers' (NASD) imposition of sanctions against Gibbons for violating Article III, § 1 of the NASD Rules of Fair Practice[1] by providing misleading statements in response to a NASD inquiry. We have jurisdiction pursuant to 15 U.S.C. § 78y(a)(1), and we deny the petition.
 
 
 3
 The SEC's factual findings are conclusive if supported by substantial evidence. See 15 U.S.C. § 78(a)(4). If the evidence is susceptible to more than one rational interpretation, this court must uphold the SEC's findings. See Eichler v. SEC, 757 F.2d 1066, 1069 (9th Cir.1985).
 
 
 4
 Here, substantial evidence supports the Commission's order. The NASD sent Gibbons a letter asking Gibbons to disclose the amount of compensation that he received from transactions in Busline Media securities. Gibbons responded to this letter by stating that "there was no financial gain to me from Busline Media or Franklin-Lord." During the course of its investigation, the NASD learned that Gibbons had received commissions from the Busline Media transactions. Gibbons later admitted that he had received $30,000 in commissions from purchases of Busline securities.
 
 
 5
 Gibbons admits receiving compensation from the Busline Media transactions. Gibbons argues, however, that his conduct should be excused because: (1) he offered to disclose the misstatement before the NASD discovered it; (2) he was threatened by his former employer; and (3) he relied on the advice of his counsel. The SEC considered these claims, but found that they did not excuse Gibbon's false statements. Because the record demonstrates, and Gibbons admits, that he made false statements in response to the an NASD inquiry, we conclude that substantial evidence supports the SEC's order. See id. at 1069.
 
 
 6
 In addition, Gibbons's contention that the sanction imposed is excessive lacks merit. "The SEC has broad power to determine appropriate sanctions and we will reverse only for an abuse of discretion." See Sorrell v. SEC, 679 F.2d 1323, 1327 (9th Cir.1982). The Commission found that providing false information to the NASD was a serious violation that would hinder the NASD's ability to carry out its regulatory responsibility. Accordingly, the Commission did not abuse its discretion by upholding the NASD's imposition of sanctions. See id.
 
 DENIED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Article III, Section 1 of the NASD Rules of Fair Practice requires a member to observe high standards of commercial honor, and just and equitable principles of trade
 
 
 [2]
 In addition, we reject Gibbons contention that Article III, Section 1 of the NASD is unconstitutionally vague because Gibbons knew that making false statements in response to an official NASD inquiry could subject him to liability. See Maynard v. Cartwright, 486 U.S. 356, 361 (1988) (noting that objections to vagueness under the Due Process Clause rest on lack of notice and may be overcome in any specific case where reasonable persons would know their conduct is at risk)