William J. GALLAGHER, Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION, Respondent.

Harry Gliksman, Petitioner,

v.

Securities and Exchange Commission, Respondent.

Nos. 00–70141, 00–70258.
SEC No. 3–9891.
SEC No. C02960039.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2001.

Decided Nov. 26, 2001.

Before BROWNING, FERNANDEZ and FISHER, Circuit Judges.

### MEMORANDUM[1]

Substantial evidence supports the Security and Exchange Commission's ("Commission's") finding that Gliksman engaged in unsuitable trading in Wilshire–Dayton's account in violation of NASD Rules of Conduct 2110 and 2310 and that Gallagher failed to appropriately supervise Gliksman in violation of NASD Rules of Conduct 2110 and 3010 with or without Hanamoto's testimony uncross-examined testimony. Hearsay statements may constitute substantial evidence supportive of a finding if they are probative and reliable. *See Richardson v. Perales,* 402 U.S. 389, 402, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971). Hanamoto's arbitration testimony, affidavit and declaration were both probative and because corroborated by other evidence, reliable, and thus constituted substantial evidence supportive of the Commission's finding that Wilshire–Dayton's investment objectives were low-risk and that Gliksman's trading was unsuitably excessive in light of the company's objectives.

 In any event, substantial evidence independent of Hanamoto's uncross-examined hearsay statements supports the Commission's finding. Gliksman testified that Wilshire–Dayton's investment objective was to "make money without too much risk." The trading pattern in the Wilshire–Dayton account establishes Gliksman's trading was excessive by objective standards. Further, Gallagher testified he would "absolutely not" have approved Gliksman's trading had he known the Wilshire–Dayton account was a customer account.

The failure of the NASD and the Commission to subpoena Hanamoto in order to allow Gliksman and Gallagher to cross-examine her did not violate their procedural due process rights. This Court examines errors in NASD proceedings "only to determine if they infected the Commission's action and led to error on its part." *Sorrell v. SEC,* 679 F.2d 1323, 1326 (9th Cir.1982). Substantial evidence other than Hanamoto's uncross-examined hearsay statements supports the Commission's findings and therefore any error in the NASD proceedings did not "infect" the Commission's decision. The Commission did not err by refusing to subpoena Hanamoto. Her attendance at the Commission hearing was unnecessary in light of the other evidence available.

The Commission's decision that Gallagher failed to properly supervise Gliksman is not premised on an error of law. The Wilshire office was an office of supervisory jurisdiction. NASD Rule 3010

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

requires a member to designate an "appropriately registered" principal in each office of supervisory jurisdiction. NASD Manual 3010(a)(4) (1998). The Commission properly construed the NASD Rules as requiring a manager of an office of supervisory jurisdiction to be registered as a General Securities Principal. Since Gallagher testified Alyse Gliksman was supervisor of the Wilshire office and she was not registered as a General Securities Principal, Gallagher failed to designate an "appropriately registered" principal to supervise the Wilshire office.

Even if Alyse Gliksman was "appropriately registered" to supervise the Wilshire office, Gallagher violated NASD Conduct Rule 3010 by failing to provide a reasonable system of supervision for the office. Although a branch manager may serve as the "first line of compliance," a supervisory system cannot rely solely on supervision by branch managers; it must provide enough checks to ensure any supervisory responsibility delegated to branch managers is being diligently exercised. *In re La Jolla Capital Corp.*, SEC Release No. 34–41755, 1999 SEC LEXIS 1642 at *17 (SEC 1999). Gallagher's supervisory procedures for the Wilshire office were inadequate because he did not implement any checks on Alyse Gliksman's authority to supervise the office. He did not compile reports on commissions charged, costs charged or trading frequency and did not have sufficient access to customer accounts or complaints.

AFFIRMED