**Robert M.T. WILSON, Appellant**

v.

**Thomas TURNAGE, Acting Director, Selective Service System.**

No. 83–2323.

United States Court of Appeals, District of Columbia Circuit.

Feb. 26, 1985.

Before TAMM and EDWARDS, Circuit Judges, and MacKINNON, Senior Circuit Judge.

## ORDER

PER CURIAM.

For the reasons set forth in the accompanying memorandum, it is hereby

ORDERED by the court, *sua sponte*, that the opinion and judgment filed herein on December 28, 1984 are hereby vacated, and this case is transferred to the United States Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631 (1982).

## MEMORANDUM

The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction of appeals from final decisions of both the district courts, when the jurisdiction of that court was based in whole or in part on 28 U.S.C. § 1346(a)(2) (1982) (the Tucker Act), and the United States Claims Courts. 28 U.S.C. § 1295(a)(2) & (3) (1982) (the Federal Courts Improvement Act). For this reason, we vacate our decision on the merits of this case issued December 28, 1984. 750 F.2d 1086.

Because we transfer this case for procedural reasons only, it may not be necessary for the Federal Circuit to reconsider the merits of our opinion. When cases are transferred between courts of coordinate jurisdiction or different judges of the same

court, for example, the prior rulings of the transferor court or judge are generally followed in the interests of judicial economy. *See, e.g., Hayman Cash Register Co. v. Sarokin,* 669 F.2d 162, 168 (3d Cir.1982); *Petition of U.S. Steel Corp.,* 479 F.2d 489 (6th Cir.), *cert. denied,* 414 U.S. 859, 94 S.Ct. 71, 38 L.Ed.2d 110 (1973). *See generally,* 1B J. Moore, *Federal Practice* ¶ 0.404 [4–2] (1983).

Similarly, the United States Supreme Court refused to apply retroactively its decision holding Congress' jurisdictional grant to the bankruptcy courts unconstitutional. *Northern Pipeline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 87–88, 102 S.Ct. 2858, 2879–2880, 73 L.Ed.2d 598 (1981). Retroactive application would have required "relitigation" of matters already properly resolved on the merits because the deciding courts had lacked jurisdiction. One of the factors emphasized by the Court was whether substantial inequities would result from retroactive application of the holding and the ensuing reconsideration of cases previously decided. That concern is equally relevant here. This claim has been fully and fairly litigated, and our decision on the merits was unanimous. By adopting *de facto* our opinion in this case, therefore, the Federal Circuit would both conserve judicial resources and avoid inequitable treatment of the litigants.