

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2004

# In Re Martins

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4538

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re Martins " (2004). *2004 Decisions.* Paper 727.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/727

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 02-4538

———


IN RE: MARTIN'S AQUARIUM, INC.
Debtor


JOEL M. ZISHOLTZ; LOIS ZISHOLTZ; AQUATIC DESIGN AND
MAINTENANCE, INC.,
Appellants

v.

RHONA GOLDSTEIN; ROBERT GOLDSTEIN,
Appellees

ARTHUR P. LIEBERSOHN; FREDERIC J. BAKER,
Trustees


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Dist. Ct. No. 02-cv-02387)
District Judge: Honorable Michael M. Baylson

Argued: January 22, 2004

Before: ALITO and CHERTOFF, Circuit Judges, andDEBEVOISE,* Senior District
Court Judges

_____

*Honorable Dickinson R. Debevoise, Senior United States District Judge for the
District of New Jersey, sitting by designation.

1

(Filed May 5. 2004)

DOUGLAS N. CANDEUB, Esq. (Argued)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Counsel for Appellants


JOANN NEEDLEMAN, Esq. (Argued)
935 One Penn Center
Philadelphia, PA 19103

Counsel for Appellees

———

OPINION

———

CHERTOFF, Circuit Judge.

Appellants Joel M. and Lois Zisholtz, and Aquatic Design and Maintenance, Inc., appeal from an order of the District Court entered on December 16, 2002. By that order, the District Court affirmed the Bankruptcy Court's March 28, 2002 decision to reopen adversary proceedings in the bankruptcy of Martin's Aquarium, Inc. For the reasons set forth below, we will vacate both orders of the District and Bankruptcy Courts.

I.

As the parties are familiar with the facts of this case, we will review them only briefly as they relate to the merits of this appeal. On February 3, 1998, Appellees Robert and Rhona Goldstein (the "Goldsteins") filed an involuntary Chapter 7 petition against

Martin's Aquarium, Inc. ("Martin's Aquarium"), an entity owned by Joel M. and Lois Zisholtz (the "Zisholtzes"). On June 16, 1998, the appointed Chapter 7 trustee for the estate of Martin's Aquarium (the "Trustee") filed a complaint for fraudulent conveyance of the service business against the Zisholtzes and two properties owned by the couple, Martin's Aquarium and Aquatic Design and Maintenance, Inc. ("ADI"). The Goldsteins participated in the action as creditors. On October 16, 1998, Bankruptcy Judge David A. Scholl entered judgment against the Zisholtzes, Martin's Aquarium, and ADI. While an appeal of Judge Scholl's order was pending before the Bankruptcy Court, the Trustee, the Zisholtzes, and the Goldsteins entered into a Stipulation and Order (the "Settlement Stipulation"), which was approved by Judge Scholl on November 10, 1999 (the "November Order"). The case was closed on January 3, 2000, some two months after the settlement stipulation was approved. J.A. at 71.

Following the approval of the stipulation, the Zisholtzes filed a motion seeking to reopen the adversary proceeding in Bankruptcy Court on June 30, 2000. The Zisholtzes maintained that under their interpretation of the stipulation, the Goldsteins were compelled to accept a certain amount as payment in full of the settlement. Bankruptcy Court Judge Scholl dismissed the motion for lack of jurisdiction on August 14, 2000. The Zisholtzes filed an appeal seeking to reverse this determination, and on February 24, 2001, the District Court vacated the order and remanded the case to the Bankruptcy Court for further proceedings. On remand, Bankruptcy Judge Kevin J. Carey concluded,

3

by order dated April 20, 2001, that the Bankruptcy Court should decline to exercise jurisdiction over the matter.

In June 2001, the Goldsteins presented the November Order, along with a copy of the Settlement Stipulation, by praecipe to the Prothonotary of Montgomery County Court of Common Pleas, which accepted the praecipe and entered judgment against the Zisholtzes. The Goldsteins then submitted the same documentation to the Prothonotary of Bucks County Court of Common Pleas, which also accepted the praecipe and entered judgment against the Zisholtzes. The Zisholtzes filed emergency motions to stay executions on these judgments in both the Montgomery County Court of Common Pleas and the Bucks County Court of Common Pleas, as well as motions to strike the judgments, which they allege were fraudulently entered. The execution was stayed, but the motions to strike judgment remained pending in both state courts.

On December 17, 2001, the Goldsteins returned to Bankruptcy Court and filed a motion to reopen adversary proceedings for the purpose of "seek[ing] confirmation of the Judgment" stated in the November Order. J.A. at 271. On March 23, 2002, Bankruptcy Judge Carey granted the motion to reopen for the limited purpose of ruling that the November Order was a "judgment" within the meaning of Federal Rule of Civil Procedure 54(a), and that enforcement by the Goldsteins of that judgment should be left to a non-bankruptcy court of competent jurisdiction. On December 16, 2002, the District Court affirmed Judge Carey's March 23, 2002 Order.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. When a District Court reviews a final order of the Bankruptcy Court, our review of the District Court's determination is plenary. In re Trans World Airlines, Inc., 145 F.3d 124, 130 (3d Cir. 1998). In reviewing the decision of the Bankruptcy Court, we exercise the same standard of review as the District Court; that is, we review the Bankruptcy Court's legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse. Id. at 131. The decision to reopen bankruptcy adversary proceedings is a matter of discretion, which we review for abuse. See Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir. 1997).

We hold that the District Court erred in affirming the Bankruptcy Court's decision to reopen the adversary proceeding on March 28, 2002. The Bankruptcy Court should have followed its two earlier decisions declining to reopen jurisdiction over this case following the execution of the Settlement Stipulation. On August 14, 2000, and April 20, 2001, the Bankruptcy Court specifically addressed the issue of whether it had jurisdiction to reopen proceedings for the Zisholtzes. In both instances, the Bankruptcy Court concluded that it did not. As the Bankruptcy Court noted in the latter order, "this adversary matter involves a dispute between two non-debtor parties, the resolution of which dispute will not affect the administration of this estate . . . all parties agreed that the underlying dispute centers around the interpretation of Pennsylvania law, not federal

bankruptcy law." J.A. at 153.

Thus, the law of the case doctrine— if not the logic of the previous opinions— should have led the Bankruptcy Court to decline the third invitation to reopen jurisdiction. "[O]nce an issue has been decided, parties may not relitigate that issue in the same case." Waldorf v. Shuta, 142 F.3d 601, 616 n. 4 (3d Cir. 1998). To be sure, there are exceptions to the doctrine. See Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 169-70 (3d Cir. 1982). In this case, however, the Bankruptcy Court's reversal of its earlier decision to decline jurisdiction is not supported by any reference to these considerations, or any other good reason.

Indeed, the reason asserted to reopen proceedings here is particularly ill-founded. In effect, the Goldsteins asked the Bankruptcy Court to reopen proceedings in 2002 for the limited "sole" purpose of giving an opinion regarding the effect of its November 10, 1999 Order, which could then be submitted to the state courts. In the normal course, the effect of the November Order in a subsequent state litigation was a matter for the state court to determine.[1] Evidently, the Goldsteins were dissatisfied with the initial interpretation of that decision taken by the Pennsylvania state courts and sought therefore to enlist the aid of the Bankruptcy Court to aid their arguments in the state litigation. A

---

[1] As the Superior Court of Pennsylvania has held in this case, "[w]hether or not the federal stipulation and order constitutes a judgment within the meaning of Rule 54(a) of the Federal Rules of Civil Procedure, its enforceability in state court depends on state law." Goldstein v. Zisholtz, No. 2794 EDA 2002, 2003 WL 21418160, at *4 (Pa. Super. Ct., June 19, 2003).

bankruptcy court– or any federal court– should not provide advisory opinions for state court litigants. <u>Cf.</u> <u>In re Middlesex Power Equip. & Marine, Inc.</u>, 292 F.3d 61, 69 (1st Cir. 2002); <u>In re Fedpak Systems, Inc.</u>, 80 F.3d 207, 211-12 (7th Cir. 1996). This was not a proper basis to reopen proceedings in bankruptcy court.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the District Court's December 16, 2002 Order will be vacated and remanded with directions to vacate the Bankruptcy Court's March 28, 2002 Order.